Statement of the Case.
MONROE, C. J.
Plaintiff leased from defendant a certain building in Shreveport, for a term of 3 years, beginning December 1, 1912, and ending November 30, 1915, at $175 per month for the 12 months ending November 30, 1913, $190 per month for the 12 months ending November 30, 1914, and $200 per month for the 12 months ending 'November 30, 1915, payable at the end of each month. On May 23, 1913, the building was partially destroyed by fire, and, on May 30th following, plaintiff instituted this suit, alleging that, by reason of said partial destruction and the dangerous condition in which the building was left, it was no longer fit to be occupied for the purposes for which it had been leased, and praying that the lease be annulled. After filing an exception of no cause of action, defendant answered, to the effect that the building in question was remodeled especially for plaintiff, and divided into two compartments, separated from each other by brick walls and fire-proof doors, in order that a fire in one compartment might not interrupt the business conducted in the other, that the fire in question destroyed the rear compartment, which measured 70 by 50 feet, was occupied as a candy factory, and was separated in the manner stated from the front compartment, measuring 70 by 100 feet, in which plaintiff conducted a wholesale and retail produce business, to which the candy factory was merely an accessory, and which was left uninjured ; that plaintiff had occupied the premises for a number of years; that the fire complained of is the third which has destroyed the candy factory; and that plaintiff has, on each occasion, continued its business in the front compartment until the ■ rear compartment could be rebuilt, the rent having been reduced accordingly. Defendant, therefore, and for other reasons which he sets forth, denies that the building has been rendered unfit for plaintiff’s occupancy, alleges that plaintiff is estopped so to assert, and that its doing so is a mere excuse to terminate the lease, that he is willing, and makes tender, to rebuild the compartment used for the candy factory as it was before, and that plaintiff can continue its business in the front compartment, as it has heretofore done and is now doing, and pay a proportionate rent until the rebuilding is completed. Wherefore, reserving his right to sue for the rent due up to the date of the fire and for that subsequently due for the front compartment, defendant prays that plaintiff’s demand be rejected. There were then some amendments to the pleadings, after which the case was tried, and judgment was rendered in favor of the plaintiff, annulling the lease, as from the date of the fire (May 23, 1913), and from that judgment defendant appealed.
Plaintiff now moves to dismiss the appeal, on the grounds: That defendant has acquiesced in the judgment appealed from, in this, to wit: That, at date of the fire, plaintiff owed rent, at $175 per month, for 23 days, after which it occupied the front compartment of the building to July 1, 1913, and owed proportionate rent therefor. That, in March, 1914, defendant brought suit 18052 for the rent, at $175 per month, due to May 23, 1913, and for two-thirds of that amount, per month, from May 23, to July 1, 1913, claiming that only one-third of the building had been destroyed, and hence that he was entitled to recover for the occupancy of the front compartment on that basis; that a tender was made of the rent claimed to May 23d, and “a pro rata of the rent to July 1st, *222 as claimed,” which tender was accepted, and the suit thereafter prosecuted for certain damages to the building and improvements; that the plea of tender of the rent was sustained, and judgment was rendered also for a portion of the balance of the claim — wherefore, the mover, alleges:
“The defendant and appellant in this suit, having brought suit for the amount of rent due for the building up to July 1, 1913, the day the building was surrendered, he, therefore, acquiesced in the judgment. Besides, that portion of the building not destroyed has been renovated and fixed up and immediately rented out by the' defendant herein to various parties who now occupy the building. * * * We, therefore, move the court to dismiss the appeal for the reason that the judgment, in so far as the rent of the building is concerned, has been acquiesced in by receiving the rent tendered and bringing suit and limiting his right to recover up to July 1, 1913, and taking charge of it and renting the building to other parties.”
Opinion.
[1, 2] Plaintiff's obligation to pay rent at $175 per month, up to May 23, 1913, and a proportionate rent from that date to July 1, 1913, for its occupancy of the unburned part of the building, is admitted, and hence is not in dispute in this case. Defendant’s suit for, and acceptance of, that rent is therefore not an acquiescence in the judgment herein rendered, which does not concern that rent, but relates to plaintiff’s obligation, under the lease here attached, with respect to the period from July 1, 1913, to November 30, 1915. As to defendant’s, taking charge of the premises and leasing to other parties, as the premises were left on his hands, it was his duty to minimize the prospective loss for the benefit of whom it may concern.
The motion to dismiss is therefore overruled.