No.——

First Circuit

GOTTLIEB v. SCHLOSS

(December 7, 1926. Opinion and Decree.)
(January 7, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Evidence—Par. 17.** The court takes judicial notice of an identical question involved in another case

between the transferee of this plaintiff and the same defendant.

2. **Louisiana Digest—Landlord and Tenant—Par. 118.**

In a summary proceeding for ejectment of tenant under Section 2155 of the Revised Statutes it is not necessary for plaintiff to allege that he had tendered to the defendant the unpaid and unmatured rent notes.

3. **Louisiana Digest—Landlord and Tenant—Par. 44.**

A lease is not terminated by non-payment of the rent when due if the tenant had previously paid the rent upon demand made at his place of business and did not make the last payment because he was waiting for the collector, even though the rent notes were payable at a certain bank.

4. **Louisiana Digest—Landlord and Tenant—Par. 30.**

In a suit to recover possession of leased premises the rights of parties are gauged by the lease and not by the rent notes which had been assigned.

5. **Louisiana Digest—Landlord and Tenant—Par. 30.**

Under Article 2643 of the Civil Code, in order that an assignment of rent notes be effective against the debtor, the debtor must be notified of the assignment.

6. **Louisiana Digest—Landlord and Tenant—Par. 30.**

The assignee of a lease has no greater right than an assignor.

7. **Louisiana Digest—Landlord and Tenant—Par. 118, 119.**

A tenant is only bound to pay the rent notes when due if the landlord had presented them after they became due on previous months. If the landlord afterwards institutes ejectment proceedings with rule to show cause under Revised Statutes, Article 2155, he exacts strict compliance with the written con-

tract. Therefore, immediate payment by the tenant after being notified of the legal proceedings is a payment in due time.

Appeal from the Parish of East Baton Rouge. Hon. Wm. Caruth Jones, Judge.

Action by Lewis Gottlieb against Edward Schloss.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Benton & Benton, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J.  Plaintiff instituted the present ejectment proceedings under Section 2155, R. S., as amended by Act 45, p. 71, of 1918, obtained judgment in the District Court, and the defendant has appealed from that judgment.

Plaintiff filed in this court a motion to dismiss the appeal on the ground that the transcript of the testimony was not filed in this court with the original record upon which the appeal must be heard here, on or before the return day. In other words, we understand that he urges as ground to support his motion that, though the record was filed in due time, it was not at the time of its filing complete. It appears that, subsequently, the transcript of testimony was filed in this court and was made part of the record before the appeal was heard and submitted. It appears further from an affidavit on the part of the appellant that the delay was caused by the stenographer's failure to transcribe his notes of the testimony in time to annex them to the record previous to the return day. The affidavit further shows that ap-

pellant used due diligence and, in fact, it is not questioned that the delay is not attributable to the fault of the appellant. See Franek vs. Brewster, 141 La. 1031, 76 South. 187. We do not believe that there is any merit in the motion, and it is therefor overruled.

The statute under which the present proceeding is instituted provides a remedy which is exceedingly summary and which is harsh in character. In order to avail oneself of it, as a condition precedent, it must appear that the lease has been terminated, whether by limitation, by nonpayment of the rent when due, or by some other cause. Mr. Justice Spencer, as quoted in plaintiff's brief, said in Prudhomme vs. Walmsley, Manning's U. C., p. 374:

"There are but three things to be considered in a suit for ejection of a lessee— is defendant the lessee, has the lease expired, was due notice given?"

In the present case the only question to be determined is whether the lease has expired.

We take judicial notice of the fact that this identical question is involved in the case of Mrs. Tobias (the present plaintiff being transferee and subrogee of Mrs. Tobias) vs. Ed Schloss, also defendant in this case. See Lambreth vs. Sentell et al., 38 La. Ann. 693; Paland vs. R. R. Co., 42 La. Ann. 291, 7 South. 899; Raymon vs. Villere, 42 A. 491, 7 South. 900.

In the case of Mrs. Tobias vs. Schloss the District Court maintained an exception of no cause of action and upon an appeal taken to this court by Gottlieb that judgment was reversed and the case remanded to the District Court for trial on its merits. The opinion and decree was rendered on October 4, 1926, at the same session when the present appeal was heard and submitted, and presumably that case is still pending and undetermined. There were grounds alleged by plaintiff for annulment and avoidance of the lease, in the Tobias case, which are not pleaded in the present proceeding and, of course, whatever decree we enter in this case cannot become res adjudicata as to them.

After being served with a copy of the rule taken by plaintiff, ordering him to show cause why he should not vacate the leased premises, defendant properly and in accordance with the well-established rule that in summary proceedings a defendant should file all of his defenses at one time, appeared, excepted that plaintiff's rule showed no cause of action, and at the same time filed his answer.

The exception was aimed at the fact that plaintiff had not alleged in his rule that he had tendered to the defendant the unpaid and unmatured rent notes. The district judge held that such an allegation was not necessary in an ejectment proceeding. Plaintiff in brief and argument suggests additionally that the want of tender must be pleaded in limine. The latter argument can have no application in a summary proceeding where a defendant must file all of his defenses at the same time. We are, however, of the opinion that the ruling of the district judge was correct. It may be that in the other case, that of Mrs. Tobias vs. Schloss, an ordinary proceeding, it might be necessary for plaintiff to tender to the defendant the unmatured notes before he can obtain a decree to avoid and annul the lease, but upon that question we express no opinion. The present proceeding is not one to have declared and recognized the termination of the lease, but one which is instituted upon the theory that the lease has already actually been terminated for non-payment of the rent when due.

Upon the merits of the present case the only question, as before stated in this opinion, is whether the lease has actually been terminated by non-payment of the rent when due.

The lease was entered into August 23, 1922, for five years, commencing September 1, 1922, and ending September 1, 1927. The cash consideration was represented by sixty promissory notes, each for one hundred dollars, payable respectively on the first of each month, beginning October 1, 1922, at the Union Bank and Trust Company in Baton Rouge. Plaintiff alleges non-payment of rent for the months of April and May, 1926, and upon that ground and under an express stipulation to that effect in the act of lease alleges that the lease has actually been terminated, and he prays that defendant be ordered to vacate the premises. The testimony shows that defendant, who is the nephew by marriage of Mrs. Tobias, the original lessor, had never paid any of his rent notes at the Union Bank and Trust Company on the first of the month as stipulated in the lease. It shows further that Mrs. Tobias was in the habit of presenting the notes to defendant for payment at his office or place of business, at irregular times, from the first to the fourteenth of the month. That this course of conduct on her part was induced by the fact that defendant was her nephew and she never exacted of him the prompt and regular payment of the notes which she held as lessor, either at the time or place designated in the contract of lease.

Defendant offered and filed in evidence fifteen checks issued by him in payment of rent notes, previous to the months of April and May, 1926, at which time plaintiff alleges default in payment of rent. These payments were made subsequent to the first of the month, generally from nine to four-teen days after maturity of the notes. It is not alleged or shown that the rent notes were ever deposited in the Union Bank and Trust Company, but, on the contrary, it appears that Mrs. Tobias always retained custody and possession of same, presenting them for payment at defendant's place of business at various times, as above stated.

The property under lease was transferred to Gottlieb, the present plaintiff, on April 1, 1926, and he was at the same time subrogated to all of Mrs. Tobias' rights as lessor, became owner of the rent notes and was given possession of same.

Defendant, relying upon the well-established custom of his aunt, waited for his notes to be presented to him for payment at his place of business and did not call at the Union Bank and Trust Company, nor did he make any offer of payment until June 4, 1926, two days after he had been served with the rule ordering him to show cause why he should not vacate the premises. No notice of any kind was given to him by Gottlieb and no demand was made upon him for payment of the notes previous to the service of the rule.

Plaintiff does not seriously contest the fact that Mrs. Tobias had, by her conduct, tacitly waived the stipulation in the lease requiring the payment of monthly rent to be made on the first of each succeeding month at the Union Bank and Trust Company and substituted therefor payment on demand at the defendant's office, as might suit her own convenience. But he contends that this tacit change in the contract of lease does not affect his rights as an innocent third party.

It must be remembered that this is not a suit to recover the value of or penalties under the notes which are negotiable instruments, but a proceeding to recover the

possession of leased premises; that the lease is not a negotiable instrument and that plaintiff's rights must be gauged not under the notes but under the lease, an incorporeal right and a non-negotiable contract, which was expressly assigned to him. Such an assignment in order to be effective against the debtor must be notified to the latter. C. C. 2643. It is not pretended that defendant was notified of the transfer of the lease, and he was, therefore, justified in relying upon the custom established by Mrs. Tobias when she granted him the indulgence of paying his notes only when presented to him at his place of business.

We do not believe there is any doubt that Mrs. Tobias could. not have had the lease avoided and annulled for non-payment of the rent notes due May 1 and June 1, 1926, without having previously presented them for payment or without having notified defendant of her intention to require him thenceforth to make payment at the Union Bank and Trust Company, in strict accordance with the stipulations of the contract of lease. See Brewing Co. vs. Anderson, 121 La. 935, 46 South. 926. Plaintiff, as assignee of the lease, has no greater rights than his assignor. Gray vs. Thomas, 18 La. Ann. 412.

The fact that defendant paid the April rent note thirty-four days after it was due and the May rent note four days after its maturity is not relevant. He was under the change °of the terms of the contract only bound to pay when the notes had become due and were presented to him or when notified that the lessor demanded strict compliance with the original stipulations of the contract. When notified by the rule to show cause, that the landlord exacted strict compliance with the written contract, he immediately paid and. the payment was made in due time.

We do not believe that the lease was terminated by non-payment of the rent when due, as assumed by plaintiff for the purpose of this proceeding, and for that reason the judgment appealed from is avoided and reversed and this proceeding is dismissed at the cost of plaintiff.