*441
 
 ST. PAUL, J.
 

 Plaintiff sets forth, in paragraph II of its petition, that it is the holder and owner, and that defendant is the indorser, of four certain promissory notes aggregating $3,200, as follows, to wit:
 

 One for $1,200, drawn by Eugene Gerald, dated March 26, 1926, and payable in twelve monthly installments of $100 each;
 

 One for $800, drawn by Allen McCants, dated April 9, 1926, and payable in four trimonthly installments of $200 each;
 

 One for $600, drawn by C. H. Denton, dated April 14,1926, and payable in twelve monthly installments of $50 each; and,
 

 One for $600, drawn by T. M. Henry, dated April 21,1926, and payable in four trimonthly installments of $150 each;
 

 And that each of said notes bears interest at the rate of 7 per cent, per annum from date until paid.
 

 I.
 

 In paragraphs III and V, plaintiff sets forth in substance a stipulation contained in each of said notes, which (as taken from the notes themselves) is in full as follows:
 

 “A failure to pay any installment, of this note as it falls due, together with the interest thereon, shall mature this note in its entirety; and an attorney’s fee of 25 per centum upon the total amount due shall attach to this note in the event it should be placed in the hands of an attorney for collection after a failure to pay any installments with interest.
 

 “Protest and notice of protest and nonpayment waived by all signers and indorsers of this note.”
 

 II.
 

 'In paragraph IV, plaintiff sets forth:
 

 (a) That as the first installment on each of said notes came due, payment was demanded of each of the respective makers thereof, but that no payments were made until after the due date of each of the first installments of the said notes, and after each of said notes had matured in its entirety; and
 

 (b) That subsequent payments have been made of the following amounts, and no others, to wit;
 

 $ 50 on May 22, 1926,
 

 $100 on May 28, 1926,
 

 $100 on June 10, 1926,
 

 $ 50 on June 28, 1926,
 

 $100 on July 12, 1926,
 

 $ 50 on August 7, 1926,
 

 $200 on September 16,1926, and
 

 $650 on October 6, 1926,
 

 Making a total of $1,300 up to October 6, 1926.
 

 III.
 

 Plaintiff therefore prayed for judgment against defendant for the full sum of $3,200, with interest thereon at 7 per cent, as follows, to wit, on $1,200 from March 26, 1926, on $800 from April 9, 1926, on $600 from April 14, 1926, and on $600 from April 21, 1926,
 
 “plus 25 per cent, attorney’s fees on the whole amount of both principal and interest,”
 
 subject to a credit of $1,300 as above set forth, and for costs, etc.
 

 IV.
 

 The answer set up, in effect, merely that plaintiff, by accepting payment of installments on said notes after their maturity, waived the provision thereof maturing all unpaid installments upon failure to pay any installment promptly.
 

 And plaintiff was given judgment-as prayed for on the face of the petition and answer.
 

 V.
 

 The acceptance of a payment on account after the notes had matured by failure to pay the installments promptly did not in our opinion have the effect contended for by defendant. The notes had then matured in full according to the terms thereof, and the acceptance of a payment on account thereof did not have the effect of extending the time for payment of the balance due thereon.
 

 Moreover, at the time this suit was filed other installments on said notes had become due and were still unpaid, which again had
 
 *443
 
 the effect of maturing the whole unpaid balance on said notes.
 

 VI.
 

 But we think the judgment erroneous in so far as it allows plaintiff
 
 attorney’s fees on the whole amount of the original debt
 
 without deduction for the payments on account ; the attorney’s fees should have been allowed only upon the balance due. And moreover, as the pleadings do not clearly show how the payments were imputed on the several notes, we cannot safely allow interest on said balance except from judicial demand ; and plaintiff, by accepting any installments without interest, waived the interest thereon. Faurie v. Pitot, 2 Mart. (O. S.) 83; Saul v. Creditors, 7 Mart. (N. S.) 440; Harty v. Harty, 2 La. 519; Succession of Mann, 4 La. Ann. 28.
 

 The decree must therefore be recast accordingly.
 

 Decree.
 

 The judgment appealed from is therefore set aside, and it is now ordered that plaintiff, Motor Liens, Incorporated, have judgment against defendant, Motion Picture Advertising Service Company, Incorporated, for the full sum of $1,900, with 7 per cent, interest from judicial demand until paid, and 25 per cent, attorney’s fees on the whole. Plaintiff to pay the costs of appeal, and defendant to pay the costs of the lower court.