On Motion to Dismiss.
 

 THOMPSON, J.
 

 This is a suit to dissolve a lease and to eject the lessee because of the nonpayment of one of the monthly installments of the rent on the day it was due.
 

 On a trial the plaintiff’s 'demand was rejected, and he brings up this appeal.
 

 After the appeal was perfected, the plaintiff filed another suit, in which he prayed for judgment for the rent for four months respectively maturing subsequently to the suit for ejectment.-
 

 It is the demand made in the last suit which is claimed constitutes an acquiescence in the judgment appealed from, and is urged as the reason for dismissing this appeal.
 

 Counsel for appellee suggests that “one cannot eat his cake and have it too”; but the aphorism is pertinent to appellee as well. There is no legal reason, and certainly no moral reason, why the lessee should continue to occupy the lease premises and keep the price of the lease in his pocket during the pendency of the suit to cancel the lease. .
 

 
 *311
 
 The lease contains the following stipulation:
 

 “The receiving by lessor or lessor’s representatives of any rent in arrears, or after notice or institution of any suit for possession, or for cancellation of this lease will not be considered as. a waiver of such notice of suit, or of 'any of the rights of lessor.”
 

 It is contended that this provision relates only to rent in arrears — that is to say, rent that was due when the suit in ejectment was filed — and has no reference to rent falling due after the filing of said suit, and that in suing for the subsequent rent the plaintiff has acquiesced in the judgment and consented to a continuance of the lease.
 

 We cannot agree with such a restricted interpretation. The language is clear and, in our opinion, means just what it says, that the receiving of
 
 any
 
 rent
 
 in arrears,
 
 the receiving of
 
 any
 
 rent
 
 after notice
 
 or after
 
 institution of any suit
 
 for possession, or for cancellation
 
 shall not he considered as a wawer of such suit, or of any of the lessor’s rights.
 

 If the lessor, therefore, had the right to receive any rent past due at the time of the suit or any rent maturing after the filing of the suit, it follows that he had the right to demand the payment of such rent judicially or otherwise without prejudice to his right to prosecute his action of ejectment.
 

 In the ease of Henry Rose Mercantile Co. v. Smith, 139 La. 217, 71 So. 487, the lessee sued for the cancellation of the lease on the ground that the lease premises had been rendered unfit for use by reason of a fire. There was judgment decreeing a dissolution of the lease, from which judgment the lessor appealed. Pending the appeal, the lessor, just as in this case, brought suit for the rent up to the date of the fire and the period thereafter, during which the lessee remained in the building. It appears that the building was not wholly destroyed, and the lessee remained in a part of it.
 

 The tenant, unlike the present lessee, tendered the amount of the rent sued for, and the lessor accepted it. Thereupon the lessee moved to dismiss the appeal prosecuted by the lessor from the judgment canceling the lease, on the ground of acquiescence. The motion was denied, and the court held that the rent sued for was not involved in the prior suit and there was, therefore, no acquiescence.
 

 So in this case, aside from the stipulation of the lease-herein quoted, the rent sued for was not involved in the suit of ejectment, and the demand for its payment could not possibly be held to be an acquiescence which would destroy the appeal.
 

 The motion to dismiss is overruled.
 

 On the Merits.
 

 The question to be decided is whether the lessee is in default, and whether the lease is subject to be dissolved for. nonpayment of rent, where the lessee mails a check for the-monthly installment on the day it is due, and the check is received by the lessor on the morning thereafter; this having been the custom and method of payment for more than 24 months prior thereto.
 

 The lease was entered into between
 
 J. D.
 
 O’Keefe, the then owner of the property, and the defendant on February 23,1921, the term to begin May 1, 1922, and to end April 30, 1932. The rental was $10,000 per annum for the first two years and $12,000 per annum for the last eight years, payable in equal installments on the 1st day of the month in advance.
 

 The lease did not provide for rent notes, and none were executed. Nor was it stated in the lease where or how the rent was to be paid. The lessor exacted, and the lessee furnished, a surety bond guaranteeing the payment of the rent annually.
 

 The monthly installments were paid regularly in advance by mailing a check to O’Keefe on the 1st day of each month, the same being received by him on the morning of the 2d day of the month. This method of payment was
 
 *313
 
 satisfactory to O’Keefe, and continued from the beginning of the lease up to and including the month of June, 1925.
 

 On July 2, 1925, O’Keefe sold the property-together with the lease to the plaintiff Saxton.
 

 It may be well to state that the property leased is located at Nos. 1033-1035 Canal street, and the plaintiff was already the owner of No. 1031 adjoining.
 

 After his purchase, the plaintiff wrote defendant that he had purchased the property and requested him to make the future rent payments to his (plaintiff’s) order at 1031 Canal street punctually
 
 in accordance ivith the terms and conditions of the lease.
 
 (Italics ours.)
 

 As we have already noted, the
 
 terms am,d conditions
 
 of the lease did not provide how and where the rent was to be paid. The defendant, therefore, would have been well within his rights if he had waited for the plaintiff to call for the rent at the leased .premises. C. C. art. 2157.
 

 The defendant, however, as had been its ■custom with O’Keefe, former lessor, mailed a cheek for the rent on the 1st day of each month in advance (except when the 1st was a holiday, in which case the check was mailed the day before the 1st or the day after), payable to the order of the plaintiff and addressed to his place of business, 1931 Canal street. It is admitted by the plaintiff that the respective checks were received by him on the morning of the 2d day of the month, or the day after they were mailed.
 

 There are 23 such checks filed in the'record, and all of them are dated on the 1st of the month except five. Of these 5, one is dated on the 3d of the month and the other 4 on the 2d.
 

 The plaintiff never complained of the manner of payment, nor did he require or request that the check should be mailed in time to reach him on the 1st, instead of the 2d, day of the month.
 

 The plaintiff had occasion, however, to write defendant concerning a complaint about a leak in the roof, and, in concluding this letter, he stated:
 

 “Further, as assignee of J. D. O’Keefe, I recognize my obligations as lessor and specifically call your attention that I insist the Para Rubber Company of La., Inc., lessee, comply with all of its obligations in the above-referred to lease, particularly to pay me- (John Albion Sax-ton, lessor) the rent monthly in advance on the 1st of each month at my office 1031 Canal street, New Orleans.”
 

 This letter was dated August 8, 1927, and, when received, the manager or treasurer of the defendant company was in' Touro Infirmary. The rent for the then current month (August), as well as for all past months, had been paid in the manner as heretofore stated, and on September 1st, the defendant mailed a check to the plaintiff for that month. The check was received by the plaintiff on the. morning of the 2d.
 

 The plaintiff immediately consulted a lawyer, with the view of suing for ejectment, but held the check until the 9th of the month before returning it to the defendant.
 

 The suit-was not filed until November 4, 1927, and is for the nonpayment of the rent for September.
 

 ..There is no doubt, as a legal proposition, that the payment of the rent in accordance with the terms of the lease is one of the essential obligations of the lessee, and the failure of the lessee to properly discharge this obligation is a legal cause for dissolving the lease.
 

 It is also the rule that, where the lease is silent as to where the rent shall be paid, the payment is to be made either at the lease premises or at the domicile of the debt- or, and this presupposes, of course, that the lessor is to call for his rent. Thus O. C. art. 2157, declares:
 

 “The payment must be made in the place specified in the agreement. If the place be not thus specified, the payment, in case of a certain and determinate substance, must be made
 
 *315
 
 in the place where was, at the time of the agreement, the thing which is the object of it.
 

 “These two cases excepted, the payment must be made at the dwelling of the debtor.”
 

 The plaintiff never, at any time, called on the defendant for the rent, either at the lease premises or at the domicile of the lessee.
 

 As we have already observed, from the very beginning of the lease and continuing down to and including the month of September, 1927, the monthly rent was paid by check, mailed on the 1st and received by the lessor on the morning of the 2d of the month.
 

 The plaintiff concedes that this custom, long continued and mutually acquiesced in, had the effect of modifying the contract of lease, or of supplying the omission therein of fixing the place and method of payment.
 

 The doctrine is now too well settled to be disturbed, that where the lease is silent as to the place of payment and the method of payment, and the lessee, month after month— in this case the monthly payments extended over a period of more than two years — has paid his rental by cheek made payable to the lessor and mailed to his address on the day the rent is due, the lessor cannot dissolve the lease because the lessee failed to make payment at the lessor’s place of business on the very day the rent was due, where there had been no legal change of the custom and method of payment. Bonnabel v. Metairie Cypress Co., 129 La. 928, 57 So. 271; Standard Brewing Co. v. Anderson, 121 La. 936, 46 So. 926, 15 Ann. Cas. 251.
 

 It is urged by the plaintiff that the letter of August S, 1927, did change the custom of payment, and that the defendant, not, having complied with such change by making the payment at the lessor’s place of business on the exact day the September rent was ‘due, was in default; the plaintiff, therefore, having the right to sue to dissolve the lease.
 

 The answer is that it takes two or more people to make a contract, or to change a contract once made.
 

 The plaintiff could not, of his own volition, change the custom which he had acquiesced in without the consent of the defendant, and had no right, in view of the custom, to require the lessee to pay his rent in cash at plaintiff’s place of business on the day tire rent was due.
 

 But let us concede that the letter of August 8th abrogated the contract of lease, as modified by the custom, with respect to the method and place of payment, then article 2157 of the Code would have governed, and the lessee would have been well within his legal rights in insisting on paying his rent at the lease premises g-r at his domicile, and, of course, would not have been in default until after demand of payment had been made on him.
 

 In the case of Cambas v. Pearce and Sons, 155 La. 492, 99 So. 414, the rent was payable on the 1st of the month, and it had been the custom for the lessee to make the payments at a certain bank where the notes had been deposited for collection. The lessor notified the lessee that, if he failed to pay the rent at maturity, the entire rent would become due. The lessee mailed a check to the bank on June 1st, the day the May rent became due, but the note had been withdrawn from the bank. The court held that the lessee was not in default.
 

 We have not discussed the exceptions filed in tlie case, nor is it necessary to consider the improper motive imputed to the plaintiff in trying to get back the property from under the lease.
 

 It is sufficient that we conclude that the plaintiff has. no legal right to dissolve the lease, since it is not shown that defendant was in default in the payment of the rent.
 

 The judgment is affirmed at plaintiff’s cost.