ST. PAUL, J.
 

 This is a “follow-up” or continuation of a similar suit between the same parties lately decided by us (May 7, 1928) under No. 29201 of our docket (166 La. 308, lit So. 235). .
 

 
 *867
 
 I.
 

 The defendant is plaintiff’s tenant, and plaintiff’s endeavor is to eject him from the premises which he now occupies and which are next door to the premises occupied by plaintiff. As abundantly appears from those proceedings, and from these, the defendant is a good tenant, ready, able, and willing, even anxious, to pay his rent promptly in any manner, at any time, and at any place where plaintiff may be willing and ready to receive it, and the said rent is also abundantly secured by the highest class of security which could be given.
 

 On the other hand, plaintiff is desirous of obtaining possession of the premises; and to that end he is not nearly as anxious to collect his rent as to find some means of putting defendant in default, or of having him declared in default, for nonpayment of his rent. Accordingly, after repeatedly notifying defendant that he wanted his rent promptly, he nevertheless made no effort to call for his rent, but studiously kept a record of the date on which defendant sent him a check for the rent; and finally, when he found that defendant mailed him a check regularly on the 1st of each month, he conceived the idea that this was too late, since such ebecks reached him only on the 2d of each month; and thereupon he brought the other suit, which he lost in both courts.
 

 II.
 

 As heretofore said, plaintiff never at any time called for his rent. He even returned defendant’s checks sent him during the pendency of the other proceedings, and actually refused to accept a cash tender of the past-due rent, made during the course of said proceedings, for fear that he might thereby waive his right to claim a forfeiture of the lease.
 

 Then this is what occurred: The other suit was decided against him in the lower court on December 14, 1927. New Year’s Day, January 1, 1928, fell on a Sunday. On that ae? count many of the merchants in New Orleans decided to close on Monday, January 2d, in order to give their, employees the benefit of a holiday, and widely advertised the fact in the newspapers. Among those merchants was this defendant, and its store was closed on that day. So also were the banks and post office.
 

 Whereupon plaintiff promptly called at defendant’s store (which he knew to be closed because his own store was next door) for the purpose of demanding his rent, not only once but several times, and accompanied by witnesses.
 

 Of course defendant was not there, as plaintiff well knew; but nevertheless defendant then already had a certified check, dated and certified on December 31,1927, for the amount of plaintiff’s rent, and payable to plaintiff’s order, which check plaintiff could have had early the next morning, had he been in any way desirous of getting it. But this is exactly what he did not want, and two weeks went by without his calling for it. On the contrary, he then filed this suit for ejectment.
 

 III.
 

 It is quite true that the payment of the rent in accordance, with the terms of the lease is one of the essential obligations of the lessee, and the failure of the lessee to properly discharge this obligation is a legal cause for dissolving the lease. But this presupposes that the lessor is desirous and willing that the lessee should pay his rent promptly, and will facilitate and not hinder him in doing so; that the lessor is not endeavoring merely to entrap his lessee into a technical breach of the lease.
 

 The punctuality required of the lessee in the payment of his rent has been designed solely for the protection of the lessor, and cannot be allowed to be converted in his hands into a means of entrapping and oppressing the lessee. Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann. Cas. 251.
 
 *869
 
 See, also, Bonnabel v. Metairie Cypress Co., 129 La. 928, 57 So. 271; Bacas v. Mandot, 3 Orleans App. 324.
 

 Our conclusion is tbat plaintiff was not seeking bona fide to collect his rent, when be called at defendant’s store on January 2, 1928; tbat be had no expectation of finding any one on tbe premises when be called; that his sole purpose in going there on that day was to make out a case of apparent default on the part of defendant in paying his rent, and for the purpose of bringing this suit; that the judgment of the lower court rejecting his demand is correct.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, C. J., takes no part.