Rex Credit Company, Inc., named payee in a promissory note made by Charles Kirsch and William Donnaud, prays for judgment against Kirsch for the unpaid balance alleged to be due on the note together with interest and attorney's fees as stipulated in the note. It is alleged that the note was originally for $300 and was payable in installments of $25 each due on the twenty-first day of each month, commencing with the payment which was due on September 21st, 1940, and that the first four installments have been paid, but that the amount due on January 21st, 1941, was not paid, and it is claimed that the failure to make this payment when due has, because of the acceleration clause in the note, matured all of the remaining installments and has also rendered the makers liable for an attorney's fee of 20 per cent on the total amount due.
Kirsch admits the execution of the note and that the payment which was due on January 21st, 1941, was not made on that day and that it has not since been accepted by the payee, but he avers that each of the first four payments was made several days after it became due; that the amount due on January 21st, 1941, was tendered on January 31st, 1941, and he contends that, by accepting each of the first four payments several days after it was due, plaintiff acquiesced in the establishment of a course of conduct as a result of which, it should be held to have waived its right to enforce the acceleration clause unless it should first give notice to the makers of the note of its intention to insist that in future it would strictly enforce all of the stipulations contained in the note, and particularly that it intended to take advantage of the acceleration clause should there be further tardiness in the making of installment payments.
There was judgment ordering plaintiff to accept the amount tendered in payment of the installment due on January 21st, 1941, and dismissing the suit in all other respects. Plaintiff has appealed.
There is a well-established rule in this state that where payments are due in installments, if the payee customarily permits payments to be made after the day on which they are due, there is thereby established a course of conduct from which it is proper to say that the payee by acquiescence therein has waived the right to demand that the acceleration or any similar clause be enforced. Standard Brewing Company v. Anderson, 121 La. 935, 46 So. 926, 15 Ann.Cas. 251; Shnaider v. Graffagnini,154 La. 363, 97 So. 491; Saxton v. Para Rubber Company, 166 La. 308,117 So. 235; Id., 166 La. 866, 118 So. 64; Falco v. Gilbert, 2 La.App. 71, 72; Mahan v. LaFaye, 3 La.App. 445; Wunderlich v. Simpkin, 5 La.App. 35; Gottlieb v. Schloss, 5 La.App. 379; Richardson v. American National Insurance Co., 18 La.App. 468, 137 So. 370.
Defendant insists that the facts here bring the case fully within the rule followed in those cases, and that accordingly — since plaintiff has in the past acquiesced in the customary tardiness with which the payments were made and has not given notice of its intention to insist in the future on promptness — it has lost its right to take advantage of the acceleration clause.
Plaintiff, conceding that such a rule is well established, asserts that certain special clauses contained in the note sued upon justify the making of a distinction between those cases and this one. These clauses read as follows: *West Page 799 
"The makers of this note * * * agree that the time of payment hereof may be extended from time to time one or more times without notice of such extension or extensions and without previous consent * * * that no modification hereof shall be binding unless hereon endorsed in writing and signed by the parties.
"No delay on the part of the Rex Credit Co. Inc., or any future holder or holders hereof in exercising any right hereunder shall operate as a waiver of said rights."
Counsel for plaintiff declare that because of these special clauses which, and especially the last of which, were not contained in the notes sued on in the cited cases, there was no waiver of the right to insist on the enforcement of the acceleration clause. They argue that the makers were put on notice in advance that even should indulgences be granted, no waiver would result, and they point to certain other cases in which similar stipulations have been held to prevent the application of the doctrine of waiver. For instance, in Germann v. Keller, Orleans No. 8895 of our docket, Opinion Book No. 62, (See Louisiana and Southern Digest) the note contained the following stipulation: "Failure to strictly and promptly enforce these conditions shall not operate as a waiver of lessor's rights, lessor expressly reserving the right to always enforce prompt payment of rent or cancel this lease regardless of any indulgences or extensions previously granted. Failure to comply with any conditions or obligations of this lease will make lessee liable for any damage sustained by lessor."
In holding that this stipulation prevented the application of the doctrine of waiver, we said: "* * * But the lease itself in its very terms avoids the indulgence claimed by defendant in this case * * *."
In Cantu v. Fenner, Beane Ungerleider, 181 La. 743,160 So. 399, the Supreme Court held that a somewhat similar stipulation prevented the maker from contending that a waiver had been established by a course of conduct, and in Villere Co. v. Latter, 186 La. 91, 171 So. 705, 707, the Supreme Court considered the effect and meaning of a stipulation reading as follows: "Failure to strictly and promptly enforce these conditions shall not operate as a waiver of lessor's rights, lessor expressly reserving the right to always enforce prompt payment of rent or to cancel this lease, regardless of any indulgences or extensions previously granted."
Then the court said: "What that [provision] means and all it means is just what it says, which is that the lessor's failure to exercise strictly and promptly the rights granted or the granting of extensions and indulgences by the lessor toward the lessee should not operate as a waiver of the lessor's rights to enforce the prompt payment of the rent or to cancel the lease."
It thus appears that there are two lines of cases, one holding that a stipulation providing for acceleration or for some other such harsh right is waived where the holder of the note, or the obligee in a contract, permits a departure from the strict provisions of the contract, and the other line of cases which does not seem to be in conflict, which holds that there is no waiver if the obligor or the maker of the note is put on notice in advance that the granting of such indulgences or delays will not be considered as a waiver of the right to insist upon the strict enforcement of the stipulation of the note or contract.
We find it unnecessary that we determine whether the stipulation which is involved here places this case among the group last cited, or whether it should be considered as being controlled by the doctrine of the Standard Brewing Company case and other similar cases, supra. Even those cases which hold that, by the course of conduct, there is established a waiver of the right to insist on the strict terms of the note or of the contract cannot be extended so as to include a case in which the indulgences were never acquiesced in, and were forced from the other party over his protest. Here the record shows that although it is true that the four preceding installments were tardily paid, this tardiness was never voluntarily agreed to by the holder of the note. On the contrary, it is shown that on each occasion the plaintiff protested and did all that it could to force the maker to make payment punctually, and that the delays resulted not from any acquiescence but solely from the inability of the plaintiff to force the maker to make payment on time. Thus this case falls squarely under the rule which was followed in Briede v. Babst, 131 La. 159, 59 So. 106, 107, in which the Supreme Court said:
"It is perfectly evident from the evidence as a whole that plaintiff never expressly *West Page 800 
or otherwise waived his right to be paid his rent promptly; and that, if prompt payment was not exacted, it was because of an unwilling and forced indulgence on his part.
"To such a situation the doctrine of the case of Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann.Cas. 251, is totally inapplicable. That doctrine can obtain only where the tenant is ready to pay the rent promptly and needs no indulgence, but delays in paying simply because he is under the impression, produced by the lessor's past conduct, that it is a matter of no moment whether the payments be made promptly or a few days late."
In Maestri v. Nall, 145 So. 128, 129, we said: "* * * If the landlord accepts the rent money tardily tendered, not because he voluntarily agrees to the extension, but merely `because of an unwilling and a forced indulgence on his part,' the doctrine that the written contract may be altered by custom is totally inapplicable."
The case at bar, because of its facts, is controlled by the doctrine of Briede v. Babst and Maestri v. Nall. Consequently, there has been no waiver of plaintiff's right to insist on the acceleration clause.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended, and that the amount thereof be increased to $200, with interest at 8 per cent from January 21st, 1941, together with an attorney's fee at 20 per cent on the total amount, defendant to pay all costs.
Judgment amended and affirmed. *West Page 837