BOLIN, Judge.
Plaintiff seeks by executory process to enforce payment of a note secured by a chattel mortgage on an automobile purchased by defendant Cotton. Defendants filed a proceeding for a preliminary injunction to enjoin the sale on the ground that *371 plaintiff had, by accepting several payments on a day beyond the date on which they fell due, acquiesced in the makers’ delay and was estopped from accelerating the note.
The trial court sustained defendants’ position, granted the preliminary injunction in favor of defendants as prayed for, and plaintiff appeals.
Petitioner is holder and owner of a promissory note signed by defendants on March 24, 1964 secured by a chattel mortgage on a 1959 Oldsmobile. The note provides for payment in 24 installments of $56.70 each, the first such installment payable on the 24th day of April, 1964, and the remaining installments to be due on the same date of each successive month at the office of Tri-State Finance Corporation, Shreveport, Louisiana. The note and mortgage contained the usual and customary acceleration clause permitting the mortgagee to mature the unpaid balance of the debt upon the happening of a number of specified events including the debtors’ failure to pay on the due date.
By its petition plaintiff itemizes payments on the note as follows:
April 21, 1964 $60.00
May 25, 1964 60.00
June 23, 1964 56.70
August 1, 1964 60.00
September 8, 1964 46.80
October 2, 1964 56.70
October 26, 1964 56.70
Thus it is apparent that the April payment was made and accepted 3 days early; the May payment 1 day late; the June payment 1 day early; the July payment 7 days late; the August payment 15 days late; the September payment 8 days late and the October payment 2 days late. It is alleged and proved by defendants the November payment was tendered December 3, the ninth day after its due date, and was refused, the account already having been turned over to an attorney for collection. The following day defendant Cotton mailed a money order which was subsequently returned to him.
The note contains no provision barring the makers from urging a defense of waiver by reason of the creditor’s acquiescence in late payments. While it is urged by counsel for Tri-State Corporation that the act of mortgage contained such a prohibition, we find the alleged provision when considered with the note and other evidence to be ambiguous to say the least.
Both parties cited the case of Rex Credit Company v. Kirsch (La.App.Orl.1941) 4 So.2d 797 in support of their opposing positions. The general rule, relied on by the lower court, is stated therein as follows :
“There is a well-established rule in this state that where payments are due in installments, if the payee customarily permits payments to be made after the day on which they are due, there is thereby established a course of conduct from which it is proper to say that the payee by acquiescence therein has waived the right to demand that the acceleration or any similar clause be enforced.” (Cases cited.)
However, in the Rex Credit Company case the court found that the creditor had accepted late payments involuntarily, because of an unwilling and forced indulgence on his part, and therefore the doctrine that the written contract may be altered by custom was inapplicable.
In the case at bar there is no forced indulgence shown. The evidence reflects the creditor at no time objected to late payments and made no effort to even charge the penalty permitted for payments made more than ten days late. The trial judge dictated reasons for his ruling into the record and concluded:
* * * * * *
“The defense in this case has been one of acquiescence. It has been proved.”
*372 The question of whether plaintiff had acquiesced in defendants’ late monthly payments is a factual one. Since our review of the record does not reflect manifest error in this finding, the judgment enjoining the sale, recalling and annulling the order of executory process is affirmed at appellant’s cost.
Affirmed.