SCHOTT, Judge.
Defendants have appealed from a judgment rendered against them for $5,051.33 plus attorney’s fees of $2,000 in a suit arising out of a contract of lease confected on May 10, 1973.
Sentinal Pipe Services, Inc., defendant, was the lessee from plaintiff of waterjet equipment to be used in its sewer cleaning operations. The lease provided for monthly payments of $280.17 for a total of 48 months. The contract consisted of a “Short Form Lease” and a separate “Agreement for Leasing.” On May 7 an Agreement of Guaranty as to the lease was signed by defendant Kent A. Russell, Sentinal’s president and only stockholder in his individual capacity.
On April 9, 1974, the parties executed identical forms for the lease of a truck. However, this lease, unlike the first, was accompanied by an option for Sentinal to purchase the truck for the price of $1.00 at the termination of the lease.
From as early as September, 1974, Senti-nal frequently failed to make monthly payments on the water jet lease when due. On at least one such occasion plaintiff had threatened to invoke the default provisions of the lease. Finally, on November 16, 1976, plaintiff demanded payment of rent for the months of September through No *1233 vember. When this demand was ignored the instant suit followed for an amount consisting of past due and accelerated future rent plus the “termination value.”
In answer to the suit defendants alleged that plaintiff’s representative had agreed to certain terms outside of the written documents, including a provision that the rental of the waterjet “would be in connection with the rental of a pump truck.” Defendant also claimed a setoff of $5,000 against plaintiff’s claim based on the following allegations:
“10) As a result of plaintiffs’ breach of the lease of the pump truck, defendants are entitled to a credit in excess of Five Thousand ($5,000.00) Dollars for equity it had earned in the lease with plaintiffs of the pump truck. Since defendant had a right to sell the aforementioned pump truck under the terms of its lease and by plaintiffs seizure of said truck, defendants suffered loss and is entitled to a credit in excess of Five Thousand ($5,000.00) Dollars against any potential liability prayed for herein.”
At the trial evidence of the truck lease and the circumstances surrounding plaintiff’s repossession of the vehicle was admitted over plaintiff’s objection. This evidence, while sketchy, was to the following effect:
On October 15, 1976, plaintiff demanded payment of the truck rent for the months of September and October and granted defendants ten days for compliance before plaintiff would invoke the default provisions of the lease. On October 22, plaintiff learned that the truck had been virtually abandoned by defendants, was being vandalized, had sustained damage and some of its parts stolen. Plaintiff had the truck towed to a gas station and sometime later sold the truck for $6500.
On the other hand, defendant Russell testified that he had made overtures to plaintiff to terminate both leases and to purchase the truck and equipment. However, plaintiff’s representative quoted to Russell a price of over $10,000, which he thought to be twice as much as the price fixed in the agreements.
Throughout the proceedings plaintiff has constantly maintained that the evidence concerning the truck and the lease thereof is wholly irrelevant. It contends that the water jet lease on which it brought this suit is the only contract before the court and defendants are not entitled to have the other matter considered in these proceedings.
Defendants’ evidence of the truck and other lease was admissible and was properly pleaded in their answer against plaintiff’s claim. See LSA-C.C.P. Art. 1062, Comment (b) thereto and Art. 1005. Thus, we have resolved to consider the merits of their case for the setoff, but before doing so will address what defendants have designated as their first argument, to wit, that plaintiff’s custom of withdrawing its requests for prompt payment constituted a waiver of its right to demand strict compliance with the payment schedule.
The lease specifically provides that no express or implied waiver of any default, including acceptance of rent, is to be construed as a waiver of any rights of the lessor or as an extension or enlargement of lessee’s rights under the lease. Moreover, correspondence introduced by plaintiff shows that payment was demanded on each instance when the account was in arrears. Dispositive of defendants’ position is the following from Rex Credit Co. v. Kirsch, 4 So.2d 797 (La.App. Orl.1941):
“It thus appears that there are two lines of cases, one holding that a stipulation providing for acceleration or for some other such harsh right is waived where the holder of the note, or the obligee in a contract, permits a departure from the strict provisions of the contract, and the other line of cases which does not seem to be in conflict, which holds that there is no waiver if the obligor or the maker of the note is put on notice in advance that the granting of such indulgence or delays will not be considered as a waiver of the right to insist upon the strict enforcement of the stipulation of the note or contract. “. . . Even those cases which hold that, by the course of conduct, there is *1234 established a waiver of the right to insist on the strict terms of the note or of the contract cannot be extended so as to include a case in which the indulgences were never acquiesced in, and were forced from the other party over his protest.”
Returning to defendants’ argument that they are entitled to a setoff for the price plaintiff derived from the sale of the truck, we have resolved that they failed to carry their burden of proof to support this affirmative defense.
This truck was in Miami, Florida, when it was repossessed by plaintiff. While defendant Russell held to a belief that its condition was not as bad as plaintiff said it was, Russell had not seen it. The only first-hand evidence was in answer of plaintiff’s witnesses to interrogatories propounded to them, and while it is sketchy it is uncontradicted. The truck had been abandoned.
Defendants rely on the option to purchase letter given Sentinal by plaintiff when the truck lease was confected. This provided as follows:
“Provided that you shall have made all payments due under the subject lease and provided, further, that there is no default in compliance with any of the terms or conditions thereof, you shall have the option to purchase the equipment covered by said lease in its then condition and at its then location at the terminal date of said lease.
“This option shall be exercised by delivery of written notice to us at least 30 days prior to the date as of which purchase is to be effected, together with the full net cash price of said equipment as set forth below:
The net cash purchase price will be $1.00 plus tax.”
Defendants contend that plaintiff somehow deprived them of the right to purchase this, truck for one dollar by repossessing and selling the truck. We are unable to follow this argument.
The lease was not scheduled to expire until March, 1977. As of October, 1976, Sentinal was already in default for nonpayment of the rent as well as failure to maintain and store the truck. Thus, the right to purchase was already forfeited by Sentinal. Furthermore, to suggest that plaintiff was to take no action under the circumstances to preserve its, not Sentinal’s truck is absurd. We find no provision in the lease documents which prevented plaintiff from taking this action and are cited no legal authority which would prohibit it.
In effect, we have concluded that defendants failed to prove their affirmative defense of setoff. Since there is no dispute about the principal amount of plaintiff’s claim that part of the judgment for $5,051.33 will be affirmed.
However, we have concluded that defendants are correct in their final contention that plaintiff is not entitled to attorney’s fees. The provision for attorney’s fees incurred by reasons of lessee’s failure to comply with the lease is found within the guaranty, which is an accessory contract. The only provisions of the lease agreement which deal with lessee’s responsibility for attorney’s fees are in those dealing with expenses incurred relative to a sale. The extent of the suretyship obligation is set out in LSA-R.C.C. Art. 3037, as follows:
“The suretyship cannot exceed what may be due by the debtor, nor be contracted under more onerous conditions.
“It may be contracted for a part of the debt only, or under more favorable conditions.
“The suretyship which exceeds the debt or which is contracted under more onerous conditions shall be void, but shall be reduced to the conditions of the principal obligation.”
When the condition of stipulating attorney’s fees in the accessory guaranty agreement is more onerous than the conditions of the principal obligation it is not enforceable. Bonura v. Christiana Bros. Poultry Co. of Gretna, 336 So.2d 881 (La.App. 4th Cir. 1976).
Accordingly, the judgment appealed from is amended to disallow and delete the award of $2,000 for attorney’s fees. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.