WILLIAM F. WOODS, Judge.
This is a suit for past due rent under a written contract of lease.
Plaintiff obtained judgment in the trial court for past due rent in the amount of $1,200.00, plus interest, taxes paid and attorney’s fees.
Defendant appeals from the judgment, claiming the written lease gave the lessor certain optional remedies in the event of default by the lessee; that lessor has already exercised one of the exclusive options in another suit, in which the lease was cancelled, and is now precluded from attempting to collect the past due rent.
This is the third suit between these parties arising out of this lease. The first suit was filed by plaintiff, demanding past due rent and possession of the premises. Upon a motion to elect, plaintiff dismissed *73 this first suit. The second suit was filed within a week, in which plaintiff demanded the cancellation of the lease; judgment was obtained on August 1, 1957, cancelling the lease and ordering the defendant to vacate the premises. On September 17, 1959, plaintiff filed the instant suit, demanding the past due rent, taxes paid and attorney’s fees.
The contractual provisions in the lease entered into between plaintiff and defendant herein, setting out the remedies available to the lessor in the event of default by lessee, are as follows:
“Should the lessee at any time violate any conditions of this lease * * or fail to pay the rent * * * then at the option of the lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past due installments only, reserving its right to later proceed for the remaining installments * *
The provisions of the contract are clear and unambiguous. If the lessee failed to pay the rent, lessor had the right to declare the rent for the whole unexpired term due and exigible, and then, at his option, do one of three things:
(1). Demand the entire rent for the whole term; or
(2) Immediately cancel the lease, or
(3). Sue for past due rent and reserve his right to proceed later for the remaining installments.
Plaintiff has already exercised option number two by suing and obtaining a judgment to cancel the lease and is now seeking to exercise a part of option number three by suing for past due rent. This he cannot do by the clear terms of the lease, which is the law between the parties.
Should any judicial authority be necessary to support this conclusion, it may be found in Villere & Co. et al. v. Latter et al., 186 La. 91, 171 So. 705, in which the Supreme Court held that when one specific and exclusive option is exercised by the lessor, he waives his right to exercise another option under the contract. In the Villere case the lessor obtained a judgment in a prior suit for three months past due rent, then brought suit to obtain the whole amount of rent for the entire term of the lease. The Supreme Court held that the lessor, by his first suit, waived his option to demand the entire rental under the lease.
The lease provided the lessee was obligated to pay the taxes on the property, and in the event of his failure to do so, plaintiff could pay them and recover that amount, together with 8% interest thereon. The judgment of the lower court awarded plaintiff the sum of $108.08 for taxes paid, together with 8% interest. Attorney’s fees in the minimum amount of $25.00 was also provided for in the lease. Plaintiff is entitled to these amounts.
Therefore, the judgment of the lower court is amended by reducing the amount thereof to the principal sum of $108.08, with 8% interest thereon until paid, and $25.00 attorney’s fees. As so amended the judgment appealed from is affirmed. Costs of this appeal are taxed against the plaintiff-appellee.
DIXON, J., dissents, giving written reasons.