DIXON, Judge
(dissenting).
The contractual provisions in the lease entered into between plaintiff and defendant herein setting out the remedies available to the lessor in the event of default by lessee are as follows:
“Should the lessee at any time violate any conditions of this lease or fail to pay the rent * * * punctually at maturity, as stipulated; and should such violation continue for a *74 period of five days after written notice has been given lessee,' then, at the op-. tion of the lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past-due instalments only, reserving its right to later proceed for the remaining instalments, all without putting lessee in default, lessee to remain responsible- for all damages or losses' suffered by lessor, lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises.” (Emphasis supplied)
Defendant-appellant interprets the lease contract as giving the lessor the following three exclusive options under the lease in the event of default by lessee:
(1). Sue for the rent for the whole unexpired term of the lease, or
(2). Immediately cancel the lease, or
(3). Proceed for past-due instal-ments only.
A fair interpretation of the quoted pro-, vision of the lease agreement seems to show that the lessor has the option, on de--. fault by lessee, to claim the rent for the “whole unexpired term of this lease,” and the further option either to demand the entire rent for the whole term or immediately cancel the lease or collect the past-due instalments only, reserving the lessor’s right to collect remaining instalments that are not paid when due.
Instead of certain exclusive remedies available to the lessor, the contract as written gives the lessor the right to collect the rent for the whole unexpired term of the lease, as an additional choice of remedies. It does appear that this contractual provision is inartistically drawn; the first option (to collect the rent for the whole unexpired term) is repeated as the first of the “further options” (“to at once demand the entire rent for the .whole term”).
In this case, the,lessor has exercised one of the “further options” in the prior suit to cancel the lease. A suit to proceed for past-due instalments is included in the provisions of the lease as the third of the “further options”. To interpret the lease contract to mean that the lessor could only (1) demand the entire rent for the whole term, or (2) cancel the lease, or (3) proceed for past-due instalments only, leaves dangling without relevance the first clause, providing that “the rent for the whole unexpired term of this lease shall at once become due and exigible.”
It seems difficult to interpret these contractual provisions between the lessor and the lessee to mean that the lessor has the right, on default by lessee, either to cancel the lease, or collect the past-due and unpaid rent. The contract provides that the rent for the. whole unexpired term of this lease shall ,at once -become due and exigible, at the option of the lessor. When the contract grants the lessor further options, we do not understand that it was the intent of the written provisions of the lease to give the lessor one exclusive option.
In this case, the option to cancel has. been exercised; now, the lessor has demanded. less than he might have under the first remedy given him in the lease. He does not demand the rent for the whole unexpired term of the lease; he demands the unpaid rent due for the time when the lessee had the right of occupancy under the lease, remitting the balance.
In Villere & Co. v. Latter, 186 La. 91, 171 So. 705, there was a difference in the terms of the lease relied on by the lessor. In the Villere case, the lessor had obtained a judgment in a prior suit for three months’ delinquent rent. The lessor subsequently instituted suit to obtain the whole amount of rentals due for the entire term of the lease. The pertinent clause of the lease contract provided that, should the lessee fail to pay the rent, “the rent for *75 the whole unexpired term of this lease shall, without putting lessee in default, at once become due and exigible, and in any such event, lessor shall have the option either at once to demand the entire rent for the whole term or to immediately cancel this lease without putting the lessee in default.”
The Supreme Court held that the lessor, by its first suit to collect instalments of rent then past due, waived its option to demand “at once” the entire rental under the lease; and since the agreement gave the lessor only two options — to demand the entire rent for the whole term, or to immediately cancel the lease — the lessor no longer had the right under the terms of the lease to demand the'entire, rent..
In applying the holding, of the Villere case to the case at hand, there seems to be no obstacle to the lessor’s collection of past-due rent, accrued before the cancellation of the lease. ■ ■ .
For the above reasons I respectfully dissent.
Rehearing denied; Dixon, J., dissenting.