152 So.2d 550

**Valmore M. WILSON**

v.

**G. BRIAN CORPORATION.**

No. 46428.

April 29, 1963.

Stanley A. Baron, New Orleans, for plaintiff-applicant.

Matthew F. Belin, Robert J. Pitard, New Orleans, for defendant-respondent.

HAMITER, Justice.

As owner and lessor of the premises located at 1535 Elysian Fields Avenue in the City of New Orleans Valmore M. Wilson instituted the instant action against his lessee, G. Brian Corporation, to recover accrued rent of $1200, attorneys' fees as provided for in the written lease contract, and taxes which plaintiff was required to pay although defendant was obligated to do so.

The district court rendered judgment in plaintiff's favor in accordance with his prayer.

On an appeal the Fourth Circuit Court of Appeal amended the judgment by disallowing the demand for accrued rent and by reducing (because of such disallowance) the award for attorneys' fees. See La. App., 145 So.2d 72.

We granted certiorari at the instance of plaintiff.

It appears that on June 20, 1957 the lessor filed a suit against his lessee to cancel the lease and to recover four months' rent then due and unpaid. The lessee tendered a motion thereto calling on the lessor to elect to sue either for a money judgment or for a cancellation of the lease. Whereupon, plaintiff voluntarily dismissed that suit. Later, he instituted a second action seeking only a cancellation of the contract because of the mentioned nonpayment of rent. It resulted in a final judgment cancelling the lease. Subsequently, the instant suit was filed; and in it (as we have stated) the plaintiff is endeavoring to collect four months' accrued rent, together with taxes paid and attorneys' fees as provided for in the lease contract.

The rental agreement, entered into by the parties and which commenced in September, 1956, contained the following pertinent provisions: "Should the Lessee * * fail to pay the rent * * * punctually at maturity, * * * then, at the option of the Lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and Lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, cr to proceed for past due installments only, reserving its right to later proceed for the remaining installments, all without putting Lessee in default, * * *."

Defendant's position herein (upheld by the Court of Appeal in a two to one decision) is that by the above quoted contractual provisions the lessor, on the lessee's default, had three options: (1) to demand the entire rent for the whole term, or (2) to immediately cancel the lease, or (3) to sue for past due rent, reserving his right to proceed later for the remaining installments; and that when such lessor exercised option Number 2, by obtaining cancellation of the lease through his second suit, he lost the right to demand the accrued rent. Defendant's position, in our opinion, is without merit.

Clearly, the above quoted options Numbers 1 and 3 contemplated a continuation of the lease—that is, on the failure of the lessee to pay his rent timely the lessor might declare the rent for the unexpired portion of the lease due and exigible and sue at once for payment of the entire rent for the whole term (both past due and future rentals); or he might, while seeking judgment for the accrued rent, reserve his right to sue for future installments as they

become due. In the exercise of either of those two options, in other words, the lease would be continued in force and effect.

The second option, on the other hand, contemplated an immediate and complete dissolution of the lease on nonpayment of rentals (this lessor sought and obtained that result in his second suit). But there is nothing whatever in the appropriate contractual provision to the effect that if and when the lessor seeks a cancellation of the lease he waives the then accrued rent. The reason for this omission is obvious: the accrued rent is unqualifiedly and definitely owing to the lessor (this is true regardless of the particular option he seeks to pursue), it having been earned by the lessee's past occupancy and possession of the premises.

For us to reach the result contended for by the defendant we would have to add an entirely new phrase to the second option provision so as to make it recite that the lessor waives or forfeits the delinquent rent when seeking a dissolution of the lease. This, of course, we are not permitted to do.

Our above announced conclusion is not in conflict with the holding in Villere & Company, Inc. v. Latter et al., 186 La. 91, 171 So. 705, cited and relied on strongly by the defendant and by the Court of Appeal. Rather, the opinion in that case seems to demonstrate the correctness of our interpretation of the instant lease provisions.

There the lessee held under a long-term lease contract which provided that upon the lessee's failure to pay the rent punctually at maturity the rent for the whole unexpired term would become due and exigible, and the lessor would have the option either (1) to at once demand the entire rent for the whole term or (2) to immediately cancel the lease. When the rental installments were three months in arrears the lessor corporation sought only, and it obtained, a judgment respecting them. About a year later it, alleging that no rentals had been paid after those demanded and recovered in the first suit, instituted another action seeking judgment for additional delinquent rent and also for all installments affecting the unexpired period of the lease (the acceleration clause was invoked).

In passing upon the subsequent action (in the Villere & Company, Inc. case) the court first pointed out that by the terms of the lease the failure of the lessee to pay the rent when due caused all the future installments to become immediately due and payable and, thereupon, the lessor might exercise one of two options: either to demand the rentals for the whole term or to obtain cancellation of the lease. Then it observed that neither option was sought to be exercised in the first suit; that, in-

stead, the lessor sued only for the then accrued rent and attempted to reserve in the suit the right to later seek recovery for the future installments—a procedure not authorized by the contract. And the court held (impliedly, if not expressly) that the first suit by the lessor for the past due rentals, without a demand for rent during the entire term, had the effect of cancelling the lease. The action for past due rentals only, in other words, amounted to an exercise of the right to cancel. Clearly, there is nothing in that decision which can be construed to mean that if the lessor corporation had specifically sued to cancel the lease it would have waived its right to demand accrued rent.

Seemingly, and incidentally, the holding in the Villere & Company, Inc. case was largely responsible for the insertion of the third option in the printed lease form involved herein. Quoted above, it permits the lessor to judicially demand accrued rent and, in the same suit, to reserve his right to proceed later for the recovery of future installments.

For the reasons assigned the judgment of the Court of Appeal is annulled and set aside, and the judgment of the district court is reinstated in its entirety and made the decree of this court. The defendant shall pay all costs.

SUMMERS, J., absent.