HENRY F. TURNER, Judge pro tern.
This is an appeal from the First City Court of the City of New Orleans from a judgment in favor of plaintiff in the amount of $350.00 for past-due rent due by the defendant to the plaintiff.
The defendant takes the position that the lower Court erred in not holding that the lease involved should be construed to preclude the plaintiff from collecting his rent, inasmuch as he had cancelled the lease in a suit in the Civil District Court. The lease provides:
“Should the Lessee at any time fail to pay the rent punctually at maturity, as stipulated, the rent for the whole unexpired time of this lease shall, without putting said Lessee in default, at once become due and exigible and in case of suit, the said Lessee shall pay as counsel fees an additional sum of ten per cent on the amount so due and exigible. And should the Lessee in any manner violate any of the conditions of this lease, the Lessor hereby expressly reserves to himself the rights of cancel-ling this lease without putting the Lessee in default; the Lessee hereby as *811 senting thereto and expressly waiving the legal notice to vacate the premises.”
The defendant contends that the plaintiff, by exercising its option to cancel the lease, thereby deprived himself of the right to sue for past-due rent and, in support of this proposition, cites two cases, Villere and Company v. Latter, 186 La. 91, 171 So. 705, and Wilson v. G. Brian Corporation, La.App., 145 So.2d 72. In the Villere case, under the terms similar to the one herein involved, the lessor sued the lessee for past-due rent and sought to reserve the acceleration clause to be used at any future time it saw fit. Whereas, in this case, the plaintiff is not seeking any future rent, nor is he seeking to reserve any rights as to future rent. He is simply seeking to collect the rent that has accrued and is past-due and "owing at this time.
The Wilson v. Brian case, supra, went to the Supreme Court on writs and was reversed by them, and the judgment of the District Court was reinstated, wherein the Court stated:
“But there is nothing whatever m the appropriate contractual provision to the effect that if and when the lessor seeks a cancellation of the lease he waives the then accrued rent. The reason for this omission is obvious: the accrued rent is unqualifiedly and definitely owing to the lessor (this is true regardless of the particular option he seeks to pursue), it having been earned by the lessee’s past occupancy and possession of the premises.
“For us to reach the result contended for by the defendant we would have to add an entirely new phrase to the second option provision so as to make it recite that the lessor waives or forfeits the delinquent rent when seeking a dissolution of the lease. This, of course, we are not permitted to do.”
We think this effectively disposes of defendant’s contention.
The Wilson case further discussed the Villere v. Latter case and distinguished same as we have already done in this case. We think the Supreme Court decision in the Wilson case fully and completely disposes of appellant’s contention. Judgment of the lower Court is, therefore, affirmed, at appellant’s costs.
Affirmed.