266 So.2d 925 (1972)
D. H. OVERMEYER CO., INC.
v.
BLAKELEY FLOOR COVERING, INC.
No. 4989.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1972.
Rehearing Denied October 17, 1972.
Writ Refused November 21, 1972.
Monroe & Lemann, Peter G. Williams, Richard W. Bussoff, and Bat P. Sullivan, Jr., New Orleans, for plaintiff-appellant.
Levy, Smith & Pailet, Adolph J. Levy, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and GULOTTA, JJ.
*926 SAMUEL, Judge.
This appeal involves the breach of a written contract of lease and the credit to which the defaulting lessee is entitled from rent the lessor collected from a second tenant following defendant's abandonment of the leased premises.
The facts are not in dispute. Plaintiff rented defendant warehouse space for the period beginning July 15, 1968 and ending July 14, 1969 for $460 per month. Upon signing the agreement, defendant gave plaintiff a check for $920 in advance to cover rent for the first and last month. The check was not honored by defendant's bank because of insufficient funds on deposit.
Plaintiff received no rent whatsoever. On November 20, 1968 it filed a petition for a writ of sequestration of defendant's property located in the leased premises to protect its lessor's privilege. The petition alleged defendant then owed $5,520, which included rent unpaid for more than four months of occupancy and future rents for the remainder of the one year lease term. The claim for future rents was based on a lease provision permitting the lessor to accelerate payment for future rents if the lessee did not make timely payment of the monthly rent.
On January 1, 1969 plaintiff leased the same premises to another tenant at a monthly rental of $800. The second tenant's occupancy extended beyond the expiration date of the lease. At the trial on June 29, 1971, plaintiff reduced its claim to $2,530, being the amount of unpaid rent from July 15, 1968 through December 31, 1968.
After trial there was judgment in favor of plaintiff in the amount of $320. Plaintiff has appealed. Defendant has answered the appeal asserting it has no liability on the lease whatsoever.
In arriving at the amount of the judgment, the trial court allowed defendant a credit of $5,200 ($800 per month collected by plaintiff from the second tenant for a period of six and one-half months) against $5,520, the total amount due for the full one year lease term (twelve months at $460 per month). Thus the defaulting lessee profited from plaintiff's re-letting the premises at a higher rental by applying funds derived from the second tenant not only to reduce defendant's liability during the second occupancy, but also retroactively to offset unpaid rent owed by defendant prior to the beginning of the second lease.
Plaintiff concedes it is obligated to credit the rent it collected from the second tenant against the amount it claims from the defaulting lessee. However, it contends: the credit is limited to the period for which the second tenant paid that rent; when the lessor obtained a higher rental from the second tenant, the amount greater than the rent due by the defaulting lessee could not be applied retroactively to offset the latter's indebtedness for the time it occupied or had possession of the premises.
Defendant relies on a line of decisions involving mitigation of damages in a contract of lease. As a general rule, our courts have stated a lessor need not mitigate damages by reletting his premises when the original lessee breaches his contract by abandoning them.[1] However, if the lessor does re-let his property for the unexpired term, he must credit his lessee with funds collected from the new tenant.[2] It has been reasoned that in re-letting to a second tenant the lessor acts as a negotiorum gestor for the defaulting lessee or as an agent acting without authority of his principal.[3] In our view, this de facto agency principle is limited to a mandate for the purpose of mitigating damages. *927 In Bernstein v. Bauman, 170 La. 378, 389, 127 So. 874, 877, the court stated:
"Plaintiff did not lease the premises to Gordon until defendants had abandoned them and after he made due demand upon defendants. He took possession of the premises and leased them to Gordon as a negotiorum gestor for defendants and for the purpose of minimizing the damages. . . ." Emphasis ours).
We have not been cited to, nor have we found, a case where a lessor obtained higher rent from the second lease than he did from the first. It is our opinion that the implied agency must be limited to the principle of mitigation of damages and the rents collected from the second tenant should only be credited against that amount the defaulting lessee would have been required to pay from the time of the second occupancy to the expiration of the lease.
In this case defendant occupied plaintiff's warehouse for more than four months without paying anything and it abandoned the leasehold in haste when sequestration was imminent. The property remained vacant approximately six weeks after defendant vacated. Thereafter, plaintiff found a new tenant at a higher rental which gave the defendant the benefit of a six and one-half month rental credit. While it is true plaintiff benefitted from re-letting the property, we cannot permit the additional rent collected from the second tenant to apply retroactively to offset that portion of defendant's debt which accrued prior to the second lease. Defendant had had the use of the property during that time and the full rent had been earned by its occupancy and possession. The credit to which defendant is entitled is limited to its rental obligations during the existence of the second lease. In Wilson v. G. Brian Corporation, 244 La. 433, 437, 152 So.2d 550, 551, the court stated:
". . . the accrued rent is unqualified and definitely owing to the lessor. . . it having been earned by the lessee's past occupancy and possession of the premises."
For the reasons assigned, the judgment appealed from is amended to increase the plaintiff's award from $320 to $2,530. As thus amended, and in all other respects, the judgment is affirmed. Defendant is to pay all costs of this litigation.
Amended and affirmed.
NOTES
[1] Meyers v. Drewes, La.App., 196 So.2d 607.
[2] Weil v. Segura, 178 La. 421, 151 So. 639.
[3] See LSA-C.C. Art. 2295.