HOOD, Judge.
Willie Jacob instituted this suit against William Jacob, Jr., to cancel a real estate lease contract entered into by the parties, and for judgment condemning defendant to pay the accrued rental payments due plaintiff and attorney’s fees. The trial court rendered judgment in favor of plaintiff, and defendant appealed.
The issue presented involves an interpretation of the lease contract.
On September 20, 1974, plaintiff and defendant entered into a written lease contract under the terms of which plaintiff leased to defendant a tract of land with improvements in Iberia Parish, for use as a nightclub. The lease is for a term of ten years. It provides for rental payments of $250.00 per month, payable monthly, during the term of the lease, and for reasonable attorney’s fees in case it becomes necessary for one party to employ an attorney to protect a right under the contract. The lease also contains the following provision:
“Should the lessee fail to pay the rent or any other charges arising under this lease promptly as stipulated; or should voluntary or involuntary bankruptcy proceedings be commenced by or against lessee; or should lessee make an assignment for the benefit of creditors, then, in any of said events, lessee shall be ipso facto in default and lessor may demand the rent for the whole unexpired term of the lease or proceed one or more times for past due installments without prejudicing his right to proceed later for the rent for the unexpired term.”
The defendant-lessee failed to make the rental payments due for the months of December, 1974, and January, 1975. Plaintiff thereupon filed this suit. After trial on the merits, judgment was rendered by the trial court in favor of plaintiff decreeing the lease to be cancelled, and condemning defendant to pay to plaintiff $500.00 as the accrued rentals due under the contract and $250.00 as attorney’s fees. Defendant has appealed.
Defendant contends that the trial judge erred in decreeing the lease to be can-celled. He argues that under the terms of the contract the lessor is restricted to two alternate methods of obtaining relief in the event the rent is'not paid when due: (1) He may demand the rent due for the entire unexpired term of the lease; or (2) he may proceed one or more times for past due installments, without prejudicing his right to proceed later for the rent due for the unexpired term. Defendant takes the position that plaintiff has elected to use the second of the two alternate methods of obtaining relief, and he argues that although the lessor may recover past due rentals, he does not have the right to have the lease cancelled. Defendant relies principally on the above quoted provisions of the lease contract.
We do not interpret the quoted provision of the lease as restricting the lessor to two methods of obtaining relief. Instead, we think that provision was included in the agreement to give the lessor the right, in addition to any other remedies available to him, of accelerating the payments due for the remainder of the term of the lease in case the lessee should violate the contract in the particulars therein set out.
It is true that the lease contains no provision which specifically authorizes the les *336 sor to cancel it in case of a violation of its terms by the lessee. There is nothing in the contract, however, which prohibits the lessor from cancelling the lease and recovering the accrued rentals due in the event the lessee fails to pay the rentals or breaches the lease contract in some other way. We find no provision in the agreement which can reasonably be construed as a waiver by the lessor of his right, granted by law, to have the lease cancelled and to recover the accrued rentals, if the lessee fails to make the rental payments as they become due.
The law provides that the lessee may be expelled from the property if he fails to pay the rent when it becomes due. LSA-C.C. art. 2712. Applicable here also are the provisions of Articles 1964 and 1967 of the Louisiana Civil Code, the pertinent parts of which read:
“Art. 1964. Equity, usage and law supply such incidents only as the parties may reasonably be supposed to have been silent upon from a knowledge that they would be supplied from one of these sources.”
“Art. 1967. The law, intended by the rule before referred to, means such legislative provisions as provide for those cases in which the parties have not declared their intention. When the contracting parties have not derogated from such law, its provisions are to be followed. . . . ”
In the instant suit, we think the parties may reasonably be supposed to have been silent as to whether the lessor can cancel the lease for non-payment of rent, because of their knowledge that equity, usage and law would supply those incidents. Since the contracting parties have not specifically declared their intention as to this question, and they also have not derogated from LSA-C.C. art. 2712, we hold that that article of the Civil Code applies, and that the lessor has the legal right to cancel the lease as well as to recover the accrued rentals which are due.
That conclusion is supported to some extent, we think, by the paragraph next following the above quoted provision of the lease, which reads :
“At the expiration of this lease or at its termination for other causes, lessee is to immediately surrender possession by actual delivery of all keys to lessor.” (Emphasis added)
The parties obviously understood that the lease might be terminated for “other causes.” We believe they understood and intended that it could be terminated for non-payment of rent, as provided in LSA-C.C. art. 2712. We hold that there was no agreement or understanding that the lessor was waiving that right.
Defendant cites and relies on Sarpy v. Schmidt, 162 So.2d 810, (La.App. 4 Cir. 1964), and Wilson v. G. Brian Corporation, 244 La. 433, 152 So.2d 550 (1963). We think these cases support plaintiffs position rather than that of defendant, in this instance. In Sarpy, for instance, the court held that the lessor could recover past due rentals, although the lease merely provided that he could cancel the lease and was silent as to his right to recover past due rental payments. In Wilson, supra, the second option granted to the lessor in the contract, in the event of default by the lessee, was “to immediately cancel the lease.” The third option was “to sue for past due rent, reserving his right to proceed later for the remaining installments.” The Supreme Court held that the lessor’s election to immediately cancel the lease did not deprive him of the right to also recover past due rentals, although that relief was not specifically • provided in the second option. The court held' that “there is nothing whatever in the appropriate contractual provision to the effect that if and when the lessor seeks a cancellation of the lease he waives the then accrued rent.”
*337 Applying Sarpy and Wilson to the instant suit, we conclude that plaintiff is not barred or precluded from cancelling the lease, as well as recovering past due rentals. We find nothing in the lease involved here which indicates that the lessor waives his right to cancel that lease when he seeks to recover past due rental payments. See also Cameron v. Krantz, 299 So. 919 (La.App. 3 Cir. 1974), and 327 Bourbon Street, Inc. v. Pepe, Incorporated, 257 La. 577, 243 So.2d 262 (1971).
Our conclusion is that plaintiff, as lessor, has the right to have the lease can-celled for non-payment of rent and to recover past due rentals. There is nothing in the lease which prohibits him from can-celling the lease, or which constitutes a waiver of his right to do so, in the event he demands payment of accrued rentals.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.