341 So.2d 626 (1977)
Mona YARDUMIAN
v.
Clare BEALS.
No. 7771.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
Richard A. Thompson, New Orleans, for plaintiff-appellant.
Nestor F. Mills, New Orleans, for defendant-appellee.
Before REDMANN, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiff sued defendant to recover the sum of $190.00 plus damages and attorney's fees pursuant to LSA-R.S. 9:3251, et seq. The trial court dismissed plaintiff's suit without reasons. We reverse.
*627 On June 27, 1973 plaintiff entered into an agreement to rent an apartment owned by defendant from month to month. At that time she paid defendant $190.00 for the first month's rent commencing on July 15, 1973 through August 14, 1973. The agreement provided that if certain renovation work were not completed by July 15, 1973, defendant would return the month's rent and the agreement to lease would be dissolved.
The issue concerning the completion date of the renovations is clouded by conflicting testimony. However, we find no basis in the record upon which to overturn the apparent factual determination of the trial judge that the renovations were completed by July 15, 1973. See Canter v. Koehring Company, 283 So.2d 716 (La.1973). Accordingly, at that time, the agreement to lease became executory and ripened into a lease for a month.
Sometime prior to July 15, 1973, plaintiff visited the apartment. She concluded that the renovations were incomplete and could not be accomplished by the deadline. Plaintiff unsuccessfully attempted to talk with defendant about rescission and plaintiff's attorney wrote to defendant asking for rescission. On or about July 17 or 18 plaintiff apparently realized that defendant would not return the advance rent. At that time and in the presence of defendant, she attempted to sublease the apartment to two persons. Defendant refused to allow her to make such arrangements and leased the apartment to those persons for a $215.00 monthly rental.
The provisions of LSA-R.S. 9:3251, et seq., are inapplicable to the facts of this case. However, defendant did abrogate the lease agreement by refusing to allow the plaintiff to sublet the apartment.
LSA-R.C.C. Article 2725 gives a lessee the right to sublease where such right is not expressly interdicted. The lease agreement between the parties contained no such prohibition. Furthermore, a lessor has a duty to provide a lessee with peaceable possession of the thing leased. See LSA-R. C.C. Article 2692.
Defendant not only prevented the lessee from subletting the premises, she deprived lessee of peaceable possession when she released the premises on July 18, 1973 for a term which overlapped a substantial portion of the unexpired term for which the plaintiff had paid a rental and had the right to possession. Accordingly, the lessee was entitled to cancel the lease upon that occurrence. See Leake v. Hardie, 245 So.2d 729 (La.App. 4 Cir. 1971) and Young v. Eddy, 86 So.2d 243 (La.App. 1 Cir. 1956). Further, when the defendant relet the apartment for an unexpired part of the term of the lease, she had the obligation to credit the original lease with the funds collected from the new tenants. See D. H. Overmeyer Co., Inc. v. Blakely Floor Cover., Inc., 266 So.2d 925 (La.App. 4 Cir. 1972).
Plaintiff has a right to a refund of that portion of the rent for the twenty-eight (28) days in which she was deprived of peaceable possession during the thirty-one (31) day period for which she paid an advance rent of $190.00. See Grace v. Hass, 20 La.Ann. 73 (1868); D. H. Overmeyer Co., Inc. v. Blakely Floor Cover., Inc., supra. We compute this amount to be $171.12.
For the foregoing reasons the judgment of the First City Court of New Orleans is reversed and there is judgment herein in favor of the plaintiff, Mona Yardumian, and against the defendant Clare Beals, in the full sum of $171.12 together with legal interest from date of judicial demand until paid and for all costs of these proceedings.
REVERSED.