SCHOTT, Judge.
Plaintiff, lessor, brought a rule for possession of the premises at 900 City Park Avenue in New Orleans, leased to defendants, Thomas H. McConnell, Peter Barba-rich, and Parkway Tavern. From a judgment in favor of plaintiff, defendants have appealed. The issue is whether the landlord is entitled to possession when the lessee failed to pay the rent in advance of the month but paid within thirty days after receiving a notice to vacate and the lease provided for a thirty day grace period after written notice of the violation was given lessees by lessor.
On June 9, 1982, plaintiff served defendants with a notice to vacate the premises for their failure to pay the rent which was due by June 1. Later that evening, the rent was tendered by placing a check into a night deposit box at the plaintiff’s business office. The check was promptly returned to the defendants on June 10. On June 11 the rent was again tendered but the check was again returned.
Of several issues raised by defendants on appeal we need address only one since it is dispositive. This is based on the following provisions of the lease:
“Should the lessee at any time violate any of the conditions of the lease, or discontinue the use of the premises for which they are rented or fail to pay the rent punctually at maturity, as stipulated ... and should such violation continue for a period of 30 days after written notice has been given lessee, then at the option of the lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease.” (emphasis added)
Under the above terms of the lease, the lessor can cancel the lease only 1) if he gives written notice to the lessee of the alleged violation, and 2) if the lessee continues the violation for a period of thirty days. If the rent is paid during this grace period lessor may not evict the lessee. Ford v. Independent Bakers Supply, Inc., 385 So.2d 580 (La.App. 4th Cir.1980)
The trial judge distinguished the Ford case because of the following provisions in the subject lease:
“Failure to strictly and promptly enforce these conditions shall not operate as a waiver of lessors’ rights, lessor expressly reserving the right to always enforce prompt payment of rent or to cancel this lease, regardless of any indulgence or extensions previously granted.”
He correctly observed that similar language was not discussed in the Ford case as being a part of that lease and reasoned that its *220 presence here provided a sound basis for a different result than Ford. We disagree.
These provisions deal with waiver of the lessor’s rights as enumerated in the lease and are inserted in order to forewarn the lessee that the lessor’s failure to strictly enforce the conditions in the lease shall not operate as a waiver of such rights, Villere & Co. v. Latter, 186 La. 91, 171 So. 705 (La.1936); Rex Credit Co., Inc. v. Kirsch, 4 So.2d 797 (La.App.Orl.1941). They become operable only where the lessee has violated the terms of the lease. Since these defendants complied with the lease by tendering payment within the thirty day curative period, the waiver provisions have no application to the case.
Plaintiff contends that the same issue was decided in his favor in Skye Realty Co. v. Diversified Insurance Agency, Inc., 221 So.2d 871 (La.App. 3rd Cir.1969). However, the language of the lease in Skye was different. The grace period for “such default” clearly referred to “default in the performance” which followed and was separated by a disjunctive “or” from failure to pay rent. Here the words “such violation” follow “fail to pay the rent” so that the grace period applies.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of Thomas McConnell, Pete Barbarich, and Parkway Tavern, Inc. and against the plaintiff, dismissing the suit at his costs.
REVERSED AND RENDERED.