452 So.2d 814 (1984)
Joseph LEBRUM, Plaintiff-Appellee,
v.
M.D. HILL, Defendant-Appellant.
No. 83-722.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*815 Kelly & Salim, Michael I. Murphy, Natchitoches, for defendant-appellant.
Luster & Conine, John W. Luster, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
STOKER, Judge.
Defendant-lessee, M.D. Hill, appeals from a judgment against him and in favor of plaintiff-lessor, Joseph LeBrum, which dissolved the lease between Mr. Hill and Mr. LeBrum and awarded to Mr. LeBrum $3600 in "damages" and $750 in attorney's fees. The $3600 award consists of $1500 representing past due rentals, and $2100 representing either rentals due for the remainder of the lease term or liquidated damages.
Mr. Hill appeals, claiming the trial court erred in awarding rent for the entire term of the lease and in rescinding the lease as of the date of trial rather than May 17, 1982 as prayed for by Mr. LeBrum. Mr. Hill also objects to the award of attorney's fees and asserts the lease should be rescinded due to Mr. LeBrum's failure to comply with his obligation to repair the leased premises. We reverse that portion of the judgment awarding $2100 as rent for the remainder of the lease or liquidated damages.

FACTS
On December 29, 1981, Mr. Hill entered into an agreement with Mr. LeBrum to lease from him property called the Campti Liquor Store. The lease term was for one year, beginning January 1, 1982 and ending December 31, 1982, and the monthly rental was agreed upon at $300 per month. No rental payments were ever made by Mr. Hill, and on May 24, 1982, Mr. LeBrum filed suit seeking a rescission of the lease as of May 17, 1982, past due rent of $1500, damages in the amount of $2100, and attorney's fees. A writ of sequestration was issued at this time directing the sheriff to seize and hold all of Mr. Hill's movable property on the premises. Upon being served with this suit Mr. Hill turned the keys to the property over to the sheriff.
Mr. Hill first filed a general denial to the suit, and subsequently filed an amended and supplemental answer in which he asked that the lease be declared null and void due to Mr. LeBrum's failure to comply with his duty to repair certain items on the premises. Trial of the matter was held on January 18, 1983, and in his reasons for judgment the trial judge stated that the lease contract had never been rescinded and found that rental was due for the entire twelve months of the lease. After his motion for a new trial was denied, Mr. Hill filed this appeal.

LESSOR'S DUTY TO REPAIR
On appeal Mr. Hill asserts that certain repairs which Mr. LeBrum agreed to make *816 were never completed; therefore, a business could not be operated on the premises and the lease should be considered as never having come into effect. The provision of the lease which Mr. Hill relies on for this assertion reads:
"With the exception initially of the Lessor repairing the ceiling tile, the bathroom fixtures, and the outside aluminum siding, no repairs shall be due Lessee by Lessor except to the roof and such as may be rendered necessary by fire or other casualty, not occasioned by Lessee's fault or negligence."
Mr. Hill asserts that the above quoted provision constitutes a suspensive condition, and that the lease was to have no effect until the repairs were made. We disagree. The lease term is clearly defined in the lease, and there is no provision in the lease indicating that the parties contemplated postponing the commencement of the lease term. The lease also provides that "Lessor warrants that the leased premises are in good condition. Lessee accepts them in such condition...." In signing the lease Mr. Hill acknowledged that the premises were in an acceptable condition, subject to the repairs specifically required from Mr. LeBrum under the terms previously quoted.
There is some evidence in the record that Mr. LeBrum made good faith attempts to make the repairs required by him, but was unable to do so due to Mr. Hill's lack of cooperation. In any event, Mr. Hill was not justified in his refusal to pay rent when due on the ground that Mr. LeBrum had not accomplished the repairs. LSA-C.C. art. 2694 and Lassen v. Otalvaro, 391 So.2d 1378 (La.App. 4th Cir.1980). Mr. Hill was only entitled to have the repairs made himself and deduct the price from the rent due.

DATE OF RESCISSION AND AMOUNT DUE BY LESSEE
In his reasons for judgment the trial judge stated that the lease had not been rescinded as of the time of trial of the matter, but that it had probably expired under its own terms on December 31, 1982. He indicated that there would be judgment rescinding the lease, and the judgment dated January 26, 1983 did order that the lease be canceled. In regard to the existence of the lease and damages due, the trial judge stated further:
"Therefore, the three hundred dollars ($300.00) per month came due for the entire twelve months, making a total of thirty-six hundred dollars ($3,600.00) due. And the Court is not inclined to give liquidated damages and the full rent. So, whether we call them liquidated damages or monthly rent, the amount of thirty-six hundred dollars is the amount that will be due."
Under the circumstances of this case, we find that the trial judge was clearly wrong in finding that the lease had not been rescinded prior to trial. For reasons set out below, we find that the lease was terminated in May of 1982, and no rentals or liquidated damages were due after that time.
Cancellation of leases is subject to judicial control according to the circumstances. Farmers Gas Company v. LaHaye, 195 So.2d 329 (La.App. 3rd Cir.1967) and Lemoine v. Devillier, 189 So.2d 694 (La.App. 3rd Cir.1966), writ denied, 249 La. 751, 190 So.2d 913 (1966). In Lemoine v. Devillier, supra, termination of the lease was found to have been effective as of the date the lessee answered the lessor's suit for termination also requesting termination. The court in Maggio v. Price, 1 So.2d 404 (La. App. 1st Cir.1941), found that the lease was canceled when the sheriff took possession of the premises under a writ of provisional seizure. At that point the lessee surrendered the keys to the sheriff and no longer had free access to the premises.
In the present case Mr. Hill surrendered the keys to the property to the sheriff when served with this suit on May 24, 1982. Mr. LeBrum stated at trial that he has been in a position to lease the building since the time of the seizure, and did in fact lease the building again on August 1 for a few months. Under these circumstances, *817 we find that the lease was canceled as of the date of seizure, and Mr. LeBrum is entitled to past due rents only through the month in which the seizure was made, May of 1982. The amount of these past due rents is $1500.
We must now consider whether Mr. LeBrum is entitled to the remaining $2100 of the judgment either as liquidated damages or future rentals. We find that he is not entitled to this amount under either theory.
The portion of the lease under which Mr. LeBrum is entitled to proceed provides:
"SHOULD the Lessee at any time violate any of the conditions of this lease, or discontinue the use of the premises for the purpose for which they are rented, or fail to pay the rent, ... then, at the option of the Lessor, the rent for the whole unexpired term if [sic] this lease shall at once become due and exigible; and Lessor shall have the further option [1] to at once demand the entire rent for the whole term, or [2] to immediately cancel this lease, or [3] to proceed for the remining [sic] installments, all without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee hereby assenting thereto and expressly waiving the legal notice to vacate the premises."
Mr. Hill argues that this lease provision is ambiguous because it differs from the lease agreement appearing in a notarial manual from which this lease was purportedly taken. There was no evidence at trial that any particular lease form was meant to be followed by the parties in drawing up this particular lease. We do not find any apparent ambiguity in the provisions of the lease in question. Similar lease provisions were considered by the court in Wilson v. G. Brian Corporation, 244 La. 433, 152 So.2d 550 (1963). The only difference in the lease provisions before us here and those before the court in Wilson is in regard to the third option available to the lessor. In the lease before us the lessor's third option was to proceed for the remaining installments, but in Wilson the third option allowed the lessor "to proceed for past due installments only, reserving its right to later proceed for the remaining installments." The court in Wilson determined that options numbered 1 and 3 contemplated a continuation of the lease, but the second option contemplated immediate dissolution. We find that the same construction is applicable to the provisions under consideration here.
Having determined that the lease was dissolved upon seizure of the property by the sheriff, it is clear that Mr. LeBrum is not entitled to rent for the unexpired term of the lease. He would be entitled to that rent only if Mr. Hill had retained the right to exercise full control and dominion over the premises. Mr. LeBrum's own admission at trial that he was in a position to rent the property after seizure shows that Mr. Hill no longer had use of the premises. See Maggio v. Price, supra.
In his brief on appeal, Mr. LeBrum argues in the alternative that he should be entitled to the $2100 as liquidated damages. We disagree. The only provision for liquidated damages in the lease reads as follows:
"AT the expiration of this lease or at its termination for other causes, Lessee is to immediately surrender possession by actual delivery of all keys to Lessor. Should Lessee fail to deliver such possession, he consents to pay as liquidated damages five times the rent per day for each day of his failure to do so, with attorney's fees and all costs."
This provision is not applicable since Mr. Hill immediately surrendered the keys to the sheriff upon service of the suit. The lease does provide that "Lessee [is] to remain responsible for all damages or losses suffered by Lessor." No damages or losses were proved at trial. Mr. LeBrum did not claim to have been unable to rent the premises after Mr. Hill's default on the lease, but in fact admitted that he rented the premises for at least a portion of the remaining lease term. Under the circumstances, we find that Mr. LeBrum is entitled to nothing more than the past due rent.

*818 ATTORNEY'S FEES
Because Mr. LeBrum was required to employ an attorney to protect his rights under the lease, he is entitled to a reasonable attorney's fee as provided in the lease. The trial court awarded to Mr. LeBrum attorney's fees in the amount of $750. We find that that amount should be reduced to $500 in light of our determination that Mr. LeBrum is not entitled to the entire amount awarded by the trial court.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to reduce the award of $3600 to $1500, and to reduce the award of attorney's fees from $750 to $500. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellee, Joseph LeBrum.
AMENDED AND AFFIRMED AS AMENDED.