426 So.2d 672 (1982)
ASSOCIATES COMMERCIAL CORPORATION
v.
BAYOU MANAGEMENT, INC., et al.
No. 82 CA 0245.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rehearing Denied February 17, 1983.
*673 J. Glenn Dupree, Baton Rouge, for plaintiff-appellant Associates Commercial Corp.
Russell J. Nunez, Jr., New Orleans, for defendants-appellees Bayou Management, Inc., et al.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
This is an appeal by the plaintiff and defendant-in-reconvention from a judgment of the district court awarding it an amount less than it had sought on the main demand against the defendants and plaintiffs-in-reconvention, and awarding certain sums of money on the reconventional demand. The defendants and plaintiffs-in-reconvention have answered the appeal seeking a reduction in the award to plaintiff and a modification of the judgment rendered in their favor.
Associates Commercial Corporation entered into a lease with James R. McAndrew, Vernon G. Bratten, Jr., and J.H. Harris on October 3, 1978, under which certain office space in the Oaks of Kingsbridge Professional Building was rented to Associates at a monthly rental of $1,356.25 for a term of five years from December 1, 1978 through November 30, 1983. By giving advance written notice, lessee could terminate the lease effective November 30, 1981 upon payment of a penalty of three months' rent. Associates could sublease the leased premises with the prior written consent of the lessors. During the summer of 1980, lessee advised the rental agent of the lessors of its requirement of additional space. The required space was unavailable in the office building, so Associates approached lessors' agent about a sublease arrangement with Catalytic, Inc., another tenant in the building, which wanted more space. When Associates requested permission to sublet to Catalytic, the request was denied. Although the facts are disputed thereafter, it appears that Associates deposited with Bayou Management, Inc., a sum of money representing the rent for the following twelve months *674 and the amount of the early-termination penalty, paid the rent for the month of November, 1980, and then vacated the premises at the end of October, 1980. Shortly thereafter, the owners leased the office space which had been occupied by Associates to Catalytic, Inc., at more rent than Associates had paid under its lease. Associates filed suit against the owners and Bayou Management, Inc.,[1] seeking cancellation of the lease, damages, and return of its deposit, penalty and November rent. The defendants answered the suit and filed a reconventional demand seeking additional rent, building operating costs and the penalty for early termination.
After the trial, the lower court decided that there should be a judgment for certain sums in favor of the lessee, offset by certain sums in favor of the lessors on their reconventional demand. In reaching its decision,[2] the trial court found that Associates had the right under the lease with the defendants to sublease with the prior written consent of the lessors. The court also found that Catalytic was a suitable tenant, remarking that the "best proof possible" that Catalytic had all the requirements that a lessor might be looking for in a lessee was the fact that the owners, after refusing to consent to the sublease, leased the space previously leased by Associates directly to Catalytic. The court took into consideration the testimony by one of the owners, Mr. Harris, that the owners were not interested in a sublease to Catalytic because they had a proposed business transaction whereby they would build a new building in the vicinity and lease it to Catalytic. Under the circumstances, the trial judge found that the owners were arbitrary in their refusal to consent to Associates' subleasing to Catalytic. The court then cancelled the lease and awarded damages to Associates: first, the sum of $1,356.25, representing the November, 1980 rent; second, the "excess" rent in the sum of $2,406.25, being the difference between Associates' rental and that paid by Catalytic ($218.75 monthly for eleven months); and third, the return of the $20,343.75 paid by Associates to the defendants, plus interest. On the reconventional demand, the trial court found for the lessors, allowing them the sum of $1,310.80, representing rent from October 5 through November 3, 1981; awarding them the increase of building costs from 1979 through 1980 in the amount of $710.33. The court also allowed the lessors the sum of $4,068.75, representing a three-month penalty for early termination by the lessee.[3] The claim for attorney fees was denied.
The lease in the instant case does not absolutely prohibit subleasing, but merely requires the prior written consent of the lessors. Consequently, Associates contends that the lessors' refusal of consent should not be judicially enforced if in light of all the circumstances it was an abusive exercise of lessors' rights. The law is established that whenever a lease provides that the lessor's written consent must first be obtained before subleasing is permitted, such a provision connotes that when the lessee obtains a suitable sublessee, the lessor cannot arbitrarily withhold consent. Gamble v. New Orleans Housing Mart, Inc., 154 So.2d 625 (La.App. 4th Cir.1963), writ refused 244 La. 1027, 156 So.2d 299 (1963). We are not impressed by the lessors' assertion on appeal that Catalytic was not a willing sublessee. When Associates broached the subject of Catalytic as a subtenant, the lessors unequivocally refused to consider a sublease to Catalytic. Hence, any further efforts on the part of Associates *675 to secure Catalytic as its subtenant would have been futile.
The right to cancel is given reciprocally to lessor and lessee if either violates the lease. LSA-C.C. art. 2729. We find that the lessors abrogated the lease by arbitrarily refusing to allow the lessee to sublease to a suitable tenant; thus Associates was entitled to cancel the lease as the trial court held. Yardumian v. Beals, 341 So.2d 626 (La.App. 4th Cir.1977); Moore v. Bannister, 269 So.2d 291 (La.App. 4th Cir.1972).
We find the case of Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La.1979), cited by appellees, factually distinguishable. In the cited case, the lessor's withholding of consent was based on "a serious and legitimate" motive. The lessee's surreptitious subleasing to a subtenant in a different business which changed the use of the premises, despite the lessor's objection to the particular sublease, the drastic change in economic conditions, and the lessor's expressed willingness to accommodate the lessee were all factors considered by the Court in reaching its conclusion.
On the question of damages on the main demand, we find that the trial court correctly refunded to Associates the $20,343.75 in rental payments made under protest to the lessors, plus the interest earned on that amount, and correctly awarded Associates the sum of $2,406.25, representing the "excess" rent that the lessors received over and above what Associates would have paid during the period of time in question. Cohn Realty Company, Inc. v. Able Moving and Storage Company, Inc., 402 So.2d 106 (La.App. 1st Cir.1981); Reed v. Classified Parking System, 324 So.2d 484 (La.App. 2d Cir.1975). We find that the trial court erred in awarding Associates the sum of $1,356.36, representing the November, 1980 rent. The record shows that Associates gave the lessors every indication that it intended to remain in the leased premises through November 1980. When Associates tendered the $20,343.75 under protest by letter dated October 30, 1980, this sum did not include the November rent. Testimony shows that the November, 1980 rent was paid separately by Associates, and that no one from Bayou Management, on behalf of the lessors, entered the premises prior to December 1, 1980. We thus conclude that inasmuch as the November, 1980 rent was paid by separate check (not included in the sum paid under protest by Associates), then the lessee intended to retain the premises through that month. Furthermore, the record is devoid of any evidence that Catalytic would have leased the premises prior to December 1, 1980. The burden to establish a claim for the November, 1980 rent in the sum of $1,356.25, was on the plaintiff. Koncinsky v. Smith, 390 So.2d 1377 (La. App. 3rd Cir.1980). Plaintiff has not satisfied this burden; therefore, this claim must be denied.
With regard to the reconventional demand, we find that the trial court erred in allowing the lessors the sum of $4,068.75 under the early-termination clause. As set out above, the lease was not terminated at the option of the lessee, or due to default by the lessee; it was terminated because of breach by the lessors. Under the lease the lessors were entitled to exercise the three-months' rent penalty clause only in the event Associates chose to terminate the lease at an early time (November, 1981). Such event did not occur. We also find that the trial court erred in allowing the lessors the sum of $1,310.80, representing rent for October 5 through November 3, 1981, inclusive. A lessor whose breach of the lease forms the basis for cancellation of the lease cannot recover rent for the unexpired term of the lease. Campo v. LaNasa, 173 So.2d 365 (La.App. 4th Cir.1964), writ denied 247 La. 874, 175 So.2d 109 (1965).
Accordingly, for the above reasons the judgment rendered in favor of Associates Commercial Corporation against James R. McAndrew, Vernon G. Bratten, Jr. and J.H. Harris in the amount of $24,106.25 is reduced by $1,356.26 to the sum of $22,749.99, together with all interest earned on the deposit made to the lessors of $20,343.75, together with all costs pertaining to the main demand; and the award on the reconventional *676 demand in favor of James R. McAndrew, Vernon G. Bratten, Jr. and J.H. Harris in the amount of $6,089.88 is reduced by $5,379.55, to the sum of $710.33, together with all costs of the reconventional demand. The costs of the appeal are to be shared equally by appellant and appellees.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Subsequent to the trial on the merits, the trial court dismissed Bayou Management, Inc. from the suit as a party defendant, finding that it was acting as agent for McAndrew, Bratten and Harris.
[2] At the close of the trial, the trial court rendered judgment, awarding plaintiff the sum of $24,106.25, together with all interest earned by defendants on money advanced by plaintiff, on the main demand, and awarding defendants $6,089.88 pursuant to their reconventional demand.
[3] This matter was previously before this court on a motion to dismiss the appeal, 415 So.2d 557 (La.App. 1st Cir.1982), on the ground of acquiescence in the judgment. The motion was denied.