WILLIAMS, Judge.
This is an appeal by defendant Mitchell Serio from a decision of the trial court finding him liable to plaintiff Barbara Trus-chinger for $80,000.00 in damages for his refusal to consent to a sublease.
Defendant Serio owns 140 Carondelet Street in New Orleans. He leased the premises to Kenneth Upton individually and as president of Flame-N-Burger, Inc. The lease provided:
Lessee is not permitted to rent or sublet or grant use or possession of the premises to any other party without the written consent of the lessor, and then only in accordance with the terms of this lease. Should lessee decide to sub-let, permission must be obtained in writing through lessor or lessor’s agent and such sublease shall be handled by lessor’s agent at expense of the herein lessee.
In 1977, Upton and Flame-N-Burger subleased to Art Spiropoulos, and defendant signed the sublease. This sublease stated that: “[sublessee Spiropoulous has the right to sublease the premises upon obtaining the consent of the sublessor Flame-N-Burger, which consent shall not be unreasonably withheld.” Thereafter, Mrs. Spiro-poulos (Barbara Portlock) assumed the obligations of the sublease pursuant to a community property settlement. She later entered into a sublease with plaintiff. The sublease was signed by Kenneth Upton, but not by defendant Serio. Plaintiff operated a restaurant at the location for three years. She then tried to find a new owner for the business because she had to move due to family obligations. She entered into an “Offer to Sublease” with Helen Pak, Buddy Pak, Mary Tsai, and Mark Tsai. The agreement provided that there would be a sublease to the Paks and Tsais, and a sale of plaintiff’s business to them for $80,-000.00. Defendant, however, refused to consent to the sublease unless he received one-half of the purchase price, i.e. $40,-000.00. As a result of this demand, plaintiff claimed that she was unable to sell to the Paks and Tsais. After a trial on the merits, defendant was found to have unreasonably withheld his consent to the sublease, and plaintiff was awarded the $80,-000.00 in damages. It is from this ruling that defendant now appeals.
Article 2725 of the Louisiana Civil Code states:
The lessee has a right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.
The interdiction may be for the whole, or for a part; and this clause is always construed strictly.
Louisiana law, therefore, clearly allows a lessor to prohibit a lessee from subleasing. If, however, the lease permits subleasing with the lessor’s consent, that consent may not be unreasonably withheld. Caplan v. Latter & Blum, Inc., 468 So.2d 1188, 1190 (La.1985); Associates Commercial Corp. v. Bayou Management, 426 So.2d 672 (La. App. 1st Cir.1982). See also Illinois Central R. Co. v. International Harvester, 368 So.2d 1009 (La.1979) at 1013-14 for a full discussion of the abuse-of-rights doctrine.
At trial, plaintiff testified that defendant refused to allow her to sublease unless she paid one-half of the purchase price to him. Defendant set forth a number of reasons why he refused to approve a sublease. Plaintiff contended that these reasons were *210 never communicated to her prior to trial. The trial court obviously made a factual determination that these reasons were insufficient or not credible enough to support defendant's rejection of the proposed sublease. We have reviewed the record and cannot find that it was manifest error for the judge to make such a determination. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Defendant also contends that the sublease between plaintiff and Mrs. Spiro-poulos is invalid because he never gave his consent as required by the agreement between Spiropoulos and Upton. Plaintiff contends that defendant impliedly consented to the sublease. At trial, defendant testified that he was aware for over three years that plaintiff had entered into a sublease and had accepted rental payments from her. At no time did he express disapproval of the sublease.
The issue of whether defendant gave his implied consent to plaintiffs sublease with Mrs. Spiropoulos is a factual one. Illinois Central at 1012 (in Illinois Central the trial court found no consent to have been given based upon the facts of the case). Once again we have reviewed the record in order to determine whether there was sufficient evidence upon which the trial court could have found that defendant had given his implied consent to the subleasing agreement. We cannot conclude that the trial court was in error in deciding that the implied consent was given based upon the facts of the case. Canter.
For the foregoing reasons, the decision of the trial court holding defendant Serio liable to plaintiff for damages and legal interest is affirmed. All costs of this appeal are to be paid by appellant.
AFFIRMED.
WARD, J., dissents with reasons.