# CRUM v JUPITER-TEQUESTA TRANSMISSION AUTOMOTIVE CENTER, INC.

## Case No. AP-89-7344 AZ

Fifteenth Judicial Circuit, Palm Beach County

September 14, 1990

### APPEARANCES OF COUNSEL

**Fletcher N. Baldwin, Esquire,** for appellants.

**Scott Kramer, Esquire,** for appellee.

Before OFTEDAL, LUPO, RAPP, JJ.

### OPINION OF THE COURT

OFTEDAL, J.

At issue is whether certain "exclusion of warranties" language contained in an Invoice signed by Appellants effectively precluded any cause of action against Appellees for breach of warranties. We find the language fails to satisfy the requisite standard of conscpicuousness required by F.S. 672.316(2) and reverse.

A brief recitation of the facts is in order. Appellants Richard B. and

Marie H. Crum ("Crum") had taken their automobile to Appellees Jupiter-Tequesta Transmission Automotive Center, Inc. ("JTT") for certain transmission repairs for which Appellants were charged $793.94 in accordance with an Invoice presented to and signed by Crum. Approximately one month later while out of state, the transmission apparently failed, and the automobile had to be towed to a transmission shop in Newland, North Carolina. Appellants filed this action seeking damages for repairs, towing, and the cost of a rental vehicle. Following a trial, the lower court found for JTT on the Crum's negligence count and further found that by signing the Invoice the Crum's claim for breach of warranty was barred.

In order to exclude or modify warranties of the kind claimed by the appellants, F.S. 672-316(2) requires that any such exclusions or limitations must not only be in writing but must also be "conspicuous." The determination as to whether a disclaimer is conspicuous and therefore effective, is a matter of law and not of fact. *Monsanto Agricultural Products Co. v Edenfield,* 426 So.2d 675, 578 (Fla. 1st DCA 1982.)

A review of the disclosure language as printed on the Invoice reveals it to be defective for want of conspicuousness. Significantly, not only is the disclaimer printed in a size not markedly larger than the remaining portions, but it is in a smaller type undistinguished in color or other markings which would set it off from the rest. The fact that the disclaimer is typed along the side of the Invoice is, in and of itself, insufficient to render it legally effective under the Uniform Commercial Code. *Rudy's Glass Construction Co. v E.F. Johnson Co.,* 404 So.2d 1087 (Fla. 3d DCA 1981); *Rehurek v Chrysler Credit Corp.,* 262 So.2d 452 (Fla. 2d DCA 1972) and *Orange Motors of Coral Gables, Inc. v Dade County Dairies, Inc.,* 258 So.2d 319 (Fla. 3d DCA 1972).

The Final Judgment of the trial court is therefore reversed and the case remanded for further proceedings consistent with this opinion.

LUPO and OFTEDAL, JJ., concur. RAPP, dissents with opinion.

---

RAPP, J., dissenting. I respectfully dissent because I find the warranty limitation is conspicuous. That part of the limitation which limits the warranty to work done at defendant's shop is hand written on the front page of the document in a space provided for that purpose. The type written limitation contains the words required by statute and case law and is in size type similar to other typewritten provisions of the invoice. Special attention is drawn to this provision because it is typed along the side of the invoice. Therefore I would not disturb the trial court's judgment in this matter.